**Thomas R. REDDY, Defendant, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 7107.**

United States Court of Appeals First Circuit.

Nov. 1, 1968.

Certiorari Denied Feb. 24, 1969.

See 89 S.Ct. 871.

Eugene X. Giroux, Weston, Mass., for appellant.

William J. Koen, Asst. U. S. Atty., with whom Paul F. Markham, U. S. Atty., was on brief, for appellee.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

ALDRICH, Chief Judge.

Defendant, in 1965, was convicted of theft of United States government obligations from the mail, and fraudulent alteration of such, both offenses punishable by more than one year in jail. 18 U.S.C. §§ 495, 1708. In 1967 he was charged with transporting ten .38 caliber revolvers in interstate commerce without obtaining a permit from the Secretary of the Treasury, a violation of 15 U.S.C. § 902(e) in view of his previous convictions. In the district court defendant moved to dismiss the indictment on the ground that section 902(e) was unconstitutional. The motion was denied. On this appeal from his conviction the sole question raised is the propriety of the denial of the motion.

Both in his brief, and in oral argument in response to a question from the court, defendant took the position that the statute was unconstitutional on its face, for overbreadth, because it included impermissible parties; defendant did not contend that he would be outside a properly drawn statutory classification.[1] Consequently, a necessary

---

1. We believe, in the light of defendant's conviction for theft, that this was a rea-

sonable concession, and accept it without extended discussion. It is not "without

question, which neither party has discussed, must be whether the defendant has standing to assert as a vice in the statute the inclusion of other parties. In order to weigh defendant's claim to be heard, however, we must consider briefly the statute itself, and the asserted defect.

In its predecessor form section 902(e) prohibited interstate transportation of firearms only by persons whose prior offenses were crimes of violence. Act of June 30, 1938, ch. 850, § 2(e), 52 Stat. 1251. Its constitutionality was upheld in Cases v. United States, 1 Cir., 1942, 131 F.2d 916, cert. denied sub nom. Velazquez v. United States, 319 U.S. 770, 63 S.Ct. 1431, 87 L.Ed. 1718. As now enacted the statute includes all crimes of every description if the permissible sentence exceeds one year. Defendant asserts, correctly enough, that under state law certain offenses of what might be thought fairly small consequence, or at least in no way indicative of a susceptivity to the misuse of firearms, are punishable by such imprisonment.[2] No court has discussed the propriety of regarding such offenses as indicative of possible unfitness to possess arms. Decisions under the present act have simply cited *Cases* and others without noting the enlargement of scope and the possible consequences. E. g., DePugh v. United States, 8 Cir., 1968, 393 F.2d 367, cert. denied 10/14/68, 393 U.S. 832, 89 S.Ct. 101, 21 L.Ed.2d

102;[3] Brown v. Clark, E.D.La., 1967, 274 F.Supp. 95.

We will not consider the consequences, either. This is a case falling within the usual rule that a party attacking a statute must show that his own constitutional rights are affected, not merely someone else's. United States v. Raines, 1960, 362 U.S. 17, 80 S.Ct. 519, 4 L.Ed. 2d 524; United States v. National Dairy Prods. Corp., 1963, 372 U.S. 29, 83 S. Ct. 594, 9 L.Ed.2d 561; see concurring opinion of Mr. Justice Brandeis in Ashwander v. TVA, 1936, 297 U.S. 288, 345–348, 56 S.Ct. 466, 80 L.Ed. 688. There are, as pointed out in *Raines*, established situations which are spoken of as exceptions: where First Amendment rights have been invaded, United States v. Robel, 1967, 389 U.S. 258, 88 S. Ct. 419, 19 L.Ed.2d 508; Thornhill v. State of Alabama, 1940, 310 U.S. 88, 60 S.Ct. 736, 84 L.Ed. 1093; where the rights of third parties can only be defended effectively in their absence, Communist Party of U. S. v. SACB, 1961, 367 U.S. 1, 81, 81 S.Ct. 1357, 6 L. Ed.2d 625; NAACP v. State of Alabama, 1958, 357 U.S. 449, 78 S.Ct. 1163, 2 L.Ed.2d 1488; where the statute is not severable and is unconstitutional in some particular, Butts v. Merchants & Miners Transp. Co., 1913, 230 U.S. 126, 33 S.Ct. 964, 57 L.Ed. 1422. Courts, also, will not attempt to rescue from a statute portions which could have been saved when the remnant would change

---

support in reason," United States v. Carolene Prods. Co., 1938, 304 U.S. 144, 155, 58 S.Ct. 778, 82 L.Ed. 1234, to conclude that a thief whose crime was a federal felony is an undesirable person to possess firearms; proof of an inescapable relationship between past and future conduct is not requisite. Hawker v. People of State of New York, 1898, 170 U.S. 189, 18 S.Ct. 573, 42 L.Ed. 1002. See Green v. Board of Elections, 2 Cir., 1967, 380 F.2d 445, 451–452, cert. denied 389 U.S. 1048, 88 S.Ct. 768, 19 L.Ed.2d 840.

2. See, e. g., Mass.Gen.Laws, c. 266, § 112 (maliciously disfiguring a horse or cow); c. 267, § 2 (forging a railroad or theatre ticket); c. 272, § 73 (defacing a gravestone); c. 273, § 1 (desertion and non-

support). We were recently concerned with a New Jersey statute which in terms labelled the offense a misdemeanor, but permitted sentencing for more than a year, Ciravolo v. United States, 1 Cir., 1967, 384 F.2d 54.

3. *DePugh* involved another classification, which had always been present in the statute, equating a pending indictment with an actual conviction. DePugh sought, unsuccessfully, to show that after his federal conviction the state indictment, upon which it was predicated, was dismissed as defective. He did not make the present point that the statute was overbroad with respect to persons other than himself.

the purpose of the statute or would make the statutory language substantially unintelligible. United States v. Reese, 1875, 92 U.S. 214, 23 L.Ed. 563; see United States v. Raines, supra, 362 U.S. at 122, 80 S.Ct. 519. Whether, strictly, these are exceptions, or merely another form of a litigant's own rights, see Sedler, Standing to Assert Constitutional Jus Tertii in the Supreme Court, 71 Yale L.J. 599 (1962); H. Hart & Wechsler, The Federal Courts and the Federal System, 176–80 (1953), is not presently material. What is apparent is that defendant does not fall within them. To strike down the present statute, which clearly encompasses the defendant within both its letter and spirit, because of possible criticism of its outer perimeters, would be to deny the general rule to no good purpose.

Affirmed.