**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**James Andrew WILSON, Defendant-
Appellant.**

**No. 71-1757.**

United States Court of Appeals,
Sixth Circuit.

Jan. 26, 1972.

Dixie R. Satterfield, Milliken & Milliken, Bowling Green, Ky., on brief for defendant-appellant.

George J. Long, U. S. Atty., James H. Barr, Asst. U. S. Atty., Louisville, Ky., for plaintiff-appellee.

Before PHILLIPS, Chief Judge, and McCREE and MILLER, Circuit Judges.

PER CURIAM.

Wilson was convicted of possessing a firearm in violation of Title VII of the Omnibus Crime Control and Safe Streets Act, 18 U.S.C.App. § 1202(a). This statute provides as follows:

"Any person who—(1) has been convicted by a court of the United States or of a State or any political subdivision thereof of a felony . . . and who receives, possesses, or transports in interstate commerce or affecting commerce . . . any firearm shall be fined not more than $10,000 or imprisoned for not more than two years, or both."

We reverse on authority of United States v. Bass, 404 U.S. 336, 92 S.Ct. 515, 30 L.Ed.2d 488 (1971).

In Bass the Supreme Court held that, in order to sustain a conviction for possessing a gun under this statute, the Government must show a nexus with interstate commerce. This holding is contrary to the interpretation of this statute set forth in the opinion of this court

in Stevens v. United States, 440 F.2d 144 (6th Cir.1971). The interpretation of the statute in *Stevens* therefore is no longer the law of this Circuit.

The indictment in the present case was as follows:

"On or about the 8th day of October, 1970, at Bowling Green, in the Western District of Kentucky, JAMES ANDREW WILSON, having been convicted of a felony by a court of the State of Kentucky, that is, knowingly receiving stolen property, in the Warren County Circuit Court, knowingly possessed a firearm, that is a Stevens, 20 gauge, Model 77B, pump shotgun, bearing no serial number.

"In violation of Section 1202(a), Title 18, Appendix, United States Code."

On October 8, 1970, police officers of Bowling Green, Kentucky, responded to a radio call reporting a disturbance at Wilson's home. When they arrived upon the scene they observed Wilson's daughter at the front gate, bleeding from the face. She told the officers that her father, in a drunken condition, had beaten her and her mother. Wilson appeared on the porch, brandishing a shotgun. Following unsuccessful attempts to persuade Wilson to put the gun down, Mrs. Wilson took it from him. Wilson thereupon was arrested and taken into custody. One of the officers took possession of the shotgun.

The evidence showed that Wilson previously had been convicted of a felony by the Warren County Circuit Court in Kentucky.

The jury found Wilson guilty of possessing a firearm in violation of the statute. He was sentenced to imprisonment for eighteen months.

The indictment did not charge that the gun was possessed "in interstate commerce or affecting commerce." The evidence did not establish any nexus with commerce as required by *Bass*.

The judgment of the District Court is reversed.