UNITED STATES of America, Plaintiff-Appellee,

v.

William Thomas McCREARY, Defendant-Appellant.

No. 71–1409.

United States Court of Appeals, Sixth Circuit.

Feb. 14, 1972.

---

2. *Cf.* United States v. Upchurch, 286 F.2d 516 (4 Cir. 1961).

der which he was indicted and convicted (18 U.S.C. App. § 1202(a) (1)) is an ex post facto law and violates Article I § 9 of the Constitution; and (2) that the District Court erred in denying his motion to suppress the revolver because the officers who arrested him without a warrant did not have probable cause to make the arrest and to search the vehicle which he was driving.

## I

## THE STATUTE

In our opinion the contention that the statute is an ex post facto law and violates Article I Section 9 of the Constitution has no merit. Cases v. United States, 131 F.2d 916 (1st Cir. 1942), followed in United States v. Synnes, 438 F.2d 764 (8th Cir. 1971). See also Hawker v. New York, 170 U.S. 189, 18 S.Ct. 573, 42 L.Ed. 1002 (1898); United States v. Karnes, 437 F.2d 284 (9th Cir. 1971).

Lowell W. Lundy, Barbourville, Ky., for defendant-appellant.

James E. Arehart, Asst. U. S. Atty., Lexington, Ky., for plaintiff-appellee; Eugene E. Siler, Jr., U. S. Atty., Lexington, Ky., on brief.

Before PHILLIPS, Chief Judge, and WEICK and CELEBREZZE, Circuit Judges.

WEICK, Circuit Judge.

Appellant McCreary has appealed from his conviction in the United States District Court for the Eastern District of Kentucky, on an indictment charging him with wilfully and knowingly possessing a firearm, namely a Charter Arms Corporation "Undercover" .38 Special revolver, after having been convicted of the felony of possessing distilled spirits in unstamped containers, on April 3, 1957, and again on April 1, 1963, all in violation of 18 U.S.C. App. § 1202(a) (1), which provides punishment for one who "receives, possesses, or transports in commerce or affecting commerce . . . any firearm," after having been convicted of a felony.

McCreary raised two issues in his appeal, namely, (1) that the statute un-

## II

## SEARCH AND SEIZURE

Don F. Nierengartein and James L. Brown, both of whom were Special Investigators for the Alcohol, Tobacco and Firearms Division of the Treasury Department, drove their automobile across the end of a bridge and stopped the defendant who was driving a pickup truck. They proceeded to search the truck for moonshine whiskey. No whiskey was found in the truck, but agent Brown found the revolver in the glove compartment in the cab of the truck.

The arrest and search which followed were based on information received by Nierengartein over the telephone from a reliable informer, to the effect that McCreary had moonshine whiskey in his vehicle which would be coming from Middlesboro, Kentucky, and that he would use the "Page Cut-off" on the way to his residence at Hulan, Kentucky. Furthermore, the informer stated the time that McCreary would be leaving, the description of the vehicle he

would be driving, and its license number.

Moreover, the informer was not anonymous. Nierengartein knew his identity and had dealt with him in the past. On two different occasions the informer had given Nierengartein information about the defendant's activities in connection with moonshine whiskey and it had proved to be accurate. On one occasion, however, the search warrant was suppressed as being insufficient.

Nierengartein also knew McCreary by sight, knew that he was a convicted felon, and knew that McCreary dealt in moonshine whiskey, and Nierengartein had seen his truck. About twenty minutes after Nierengartein received the tip, McCreary appeared at the location where the informer said he would be, driving the blue and white pickup truck which had been described.

The uncontroverted facts as detailed above clearly establish that the federal agents had probable cause to make the arrest and search the truck. Draper v. United States, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327 (1959).

The District Court relied on our decision in United States v. Thacker, 382 F. 2d 732 (6th Cir. 1967), wherein we held that probable cause was shown under circumstances quite similar to those in the present case.

■ The fact that something was found other than what was searched for, does not invalidate the search. United States v. Eisner, 297 F.2d 595 (6th Cir. 1962).

■ One other matter should be mentioned. Stevens v. United States, 440 F.2d 144 (6th Cir. 1971), involved a similar offense. In that case we held that possession of a firearm by Stevens, who had been convicted previously of a felony, violated 18 U.S.C. App. § 1202(a) (1), even though the indictment did not charge, and the evidence did not establish, that the firearm had moved in commerce or affected commerce. Judge Celebrezze dissented.

In the present case, the District Court postponed the trial to await the decision of our Court in *Stevens*. In our decision in *Stevens* we declined to follow a contrary decision in United States v. Bass, 434 F.2d 1296 (2d Cir. 1970). The Supreme Court granted certiorari in *Bass* and affirmed the decision of the Second Circuit, holding that a nexus with interstate commerce must be shown with respect to all three offenses embraced by the statute, namely, "receives, possesses or transports." United States v. Bass, 404 U.S. 336, 92 S.Ct. 515, 30 L.Ed.2d 488 (decided Dec. 20, 1971).

In view of the decision of the Supreme Court in *Bass,* our opinion reported in 440 F.2d 144, is no longer the law in this Circuit, although it did comport with the views of Chief Justice Burger and Justice Blackmun, who dissented, and the decisions of Appellate Courts in four other Circuits.

The majority opinion of the Supreme Court in *Bass* makes this significant statement, with which Justice Brennan declined to concur:

"Having concluded that the commerce requirement in § 1202(a) must be read as part of the 'possesses' and 'receives' offenses, we add a final word about the nexus with interstate commerce which must be shown in individual cases. The Government can obviously meet its burden in a variety of ways. We note only some of these. For example, a person 'possesses . . . in commerce or affecting commerce' if at the time of the offense the gun was moving interstate or on an interstate facility, or if the possession affects commerce. Significantly broader in reach, however, is the offense of 'receiv[ing] . . . in commerce or affecting commerce,' for we conclude that the Government meets its burden here if it demonstrates that the firearm received has previously traveled in interstate commerce."

There was some evidence in the present case, although not very clear,

**650**

that the manufacturer of the firearm was located in Bridgeport, Connecticut.

While, as the Supreme Court pointed out, the offense of receiving may have a broader aspect than the offense of possessing, the defendant was not charged with receiving. We have difficulty, however, in comprehending how it is possible for a person to possess something that he did not receive.

The opinion of the Supreme Court in *Bass* is clear that the burden of proof was upon the Government to prove that the firearm had been possessed "in commerce or affecting commerce." In this case this issue was not adequately tried in the District Court.

The judgment of the District Court is affirmed on the issues of ex post facto law and search and seizure, but is reversed on the commerce issue and is remanded for a new trial on that issue.