**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Douglas MacArthur BROWN, Defendant-Appellant.**

**No. 71–1815.**

United States Court of Appeals, Sixth Circuit.

March 29, 1972.

**376**

Robert E. Cato, London, Ky. (court appointed), for appellant on brief.

Eugene E. Siler, Jr., U. S. Atty., James E. Arehart, Asst. U. S. Atty., Lexington, Ky., for appellee on brief.

Before McCREE and MILLER, Circuit Judges, and WILSON*, District Judge.

PER CURIAM.

We consider a direct appeal from a jury conviction of knowingly making a material false statement in connection with the acquisition of a firearm, in violation of 18 U.S.C. § 922(a) (6), and of knowingly possessing a firearm after having been convicted of a felony, in violation of 18 U.S.C. App. § 1202(a).

██ The material false statement appears in a "Firearms Transaction Record" completed on February 3, 1971, when appellant purchased the firearm. On that date, appellant, who could neither read nor write, entered Gilbert's Gun Shop, in Knox County, Kentucky. Clayton Gilbert, the proprietor, testified at trial that he filled out the form for which he obtained information by making reference to appellant's driver's license and by asking him questions. Appellant, who admits that he had been convicted of a felony, asserts, as he did at trial, that he was unaware of Titles IV and VII of the Omnibus Crime Control and Safe Streets Act and contends that Gilbert did not read the form to him or otherwise inform him of its content. However, there is no question that the form contains material false information and bears appellant's signature. The government's case was clearly made out unless Gilbert was lying about the oral exchange between himself and Brown. In finding appellant guilty of both offenses, the jury must have credited Gilbert's testimony that he had asked Brown the required questions and that Brown had responded falsely. That determination of credibility was within the province of the jury. Accordingly, since there is substantial evidence to support the jury's verdict, it will be sustained. Glasser v. United States, 315 U.S. 60, 80, 62 S.Ct. 457, 86 L.Ed. 680 (1942).

██ Nevertheless, appellant's conviction of possession of a firearm in violation of 18 U.S.C. App. § 1202(a) cannot stand. We observe that the Government failed to charge in the indictment that the firearm was possessed in commerce or affecting commerce.[1] Since appellant's conviction, the statute has been construed to require the inclusion of a nexus with commerce in the indictment and proof thereof. United States v. Bass, 404 U.S. 336, 92 S.Ct. 515, 30 L. Ed.2d 488 (1971); United States v. Wilson, 456 F.2d 1042 (6th Cir. 1972). Accordingly, on our own motion, we vacate the judgment of conviction and sentence for possession.

The conviction of making a material false statement in violation of 18 U.S.C. § 922(a) (6) is affirmed.[2]

---

* The Honorable Frank W. Wilson, Chief Judge, United States District Court for the Eastern District of Tennessee, sitting by designation.

1. Count 2 of the indictment charged: Title 18, App. Section 1202(a), U.S.C. The Grand Jury Further Charges:

 That on or about the 3rd day of February, 1971, in Bell County, in the Eastern District of Kentucky, Douglas MacArthur Brown having been convicted of a felony as is fully set out in Count I of this indictment, wilfully and knowingly possessed a firearm, in violation of 18 U.S.C. App. 1202(a) . . . . .

2. The Supreme Court, in United States v. Bass, 404 U.S. 336 (1971), 92 S.Ct. 515, 30 L.Ed.2d 488 found it unnecessary to discuss the constitutionality of 18 U.S.C. § 1202(a). The constitutionality of 18 U.S.C. § 922(a) (6) was neither raised nor discussed by the parties in this case, and we do not pass upon it.