**·UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Eddie Lee SANDERS, Defendant-
Appellant.**

**No. 71–1908.**

United States Court of Appeals,
Sixth Circuit.

June 21, 1972.

Robert W. Andrews, Memphis, Tenn. (Court appointed), for defendant-appellant.

Kemper Durand, Asst. U. S. Atty., for plaintiff-appellee; Thomas F. Turley, Jr., U. S. Atty., Larry E. Parrish, Asst. U. S. Atty., W. D. Tennessee, Memphis, Tenn., on brief.

Before PHILLIPS, Chief Judge, EDWARDS, Circuit Judge, and CECIL, Senior Circuit Judge.

PER CURIAM.

Edward Lee Sanders, appellant herein, appeals from a conviction, in the United States District Court for the Western District of Tennessee, on a two count indictment charging violation of the statutes with reference to firearms.

Count one [1] charged the appellant with the possession of a twelve-gauge, single barrel shotgun, with a barrel length of eleven and one half inches and an overall length of twenty inches, said shotgun having no serial number and not being registered as required by Section 5861(d) and Section 5841, Title 26 U.S. C. Count two [2] charged the appellant with possession of the same shotgun, he having been a convicted felon in violation of Tennessee Code Annotated. The appellant was sentenced to two concurrent terms of two years each, subject to modification by Section 4208(a) (2), Title 18, U.S.C.

Without further consideration we announce that the conviction under Count Two is vacated and remanded to the District Court with instructions to dismiss that count of the indictment. United States v. Bass, 404 U.S. 336, 92 S.Ct. 515, 30 L.Ed.2d 488 (1971). United States v. Wilson, 456 F.2d 1042 (C.A.6); United States v. McCreary, 455 F.2d 647 (C.A.6); United States v. Brown, 458 F.2d 375 (C.A.6).

▮ Counsel for the appellant filed a motion for a Bill of Particulars and a motion to dismiss the indictment. Counsel informed the trial judge that both motions go to the same thing and can be considered as one. Both motions challenge the adequacy of the indictment. The District Judge sustained the motion for a Bill of Particulars to the extent of requiring the prosecution to state with more particularity the date on which the alleged possession occurred and to designate the place with particularity and to allege the city and state. This was an adequate compliance with that motion.

▮▮ Counsel for appellant sought further, by his motion, to require the prosecution to give the names and addresses of every informer or person relied upon for information and of all persons whom the government expects to call as witnesses at the trial. This is not a proper subject for a motion for a Bill of Particulars. (Rule 7(f) F.R.Cr. P.). Hickman v. United States, 406 F. 2d 414 (C.A.5) cert. den. 394 U.S. 960, 89 S.Ct. 1309, 22 L.Ed.2d 561; Yeargain v. United States, 314 F.2d 881 (C.A.9). Contra., see United States v. Solomon, 26 F.R.D. 397, 407 (U.S.D.C.S.D.Ill.N. D.). Counsel's claim, in his motion to dismiss, that the statute under which the indictment is drawn is unconstitutional is without merit. United States v. Freed, 401 U.S. 601, 91 S.Ct. 1112, 28 L.Ed.2d 356, reh. den. 403 U.S. 912, 91 S.Ct. 2201, 29 L.Ed.2d 690; United States v. Wilson, 440 F.2d 1068 (C.A.6); United States v. Johnson, 441 F.2d 1134 (C.A.5).

Briefly the facts are that on February 27, 1971 Officers Sandridge and Rooker of a Memphis Police Department patrol unit answered a disturbance call at the Yellow Front Cafe, 746 Firestone, in Memphis. On arrival they talked with the proprietor and while there they observed the appellant leaving the cafe. As he was leaving the officers noticed a large bulge in his right front pocket. They followed him out, found the shotgun in question on his person, and arrested him.

---

1. Section 5861(d) and Section 5841. Title 26, U.S.C.

2. Appendix, Section 1202(a) (1), Title 18, U.S.C.

It is claimed on behalf of the appellant that the officers did not have probable cause to make the arrest and therefore the shotgun should not have been introduced into evidence. We conclude that they did. There is some question as to whether the officers saw the shotgun protruding from the appellant's pocket before the arrest. The officers were called to the cafe because of a disturbance. It was two o'clock in the morning. The appellant was leaving under such circumstances as gave the impression that he was attempting to evade the officers. He had an unnatural bulge in his pocket. One of the officers testified that he saw the shotgun protruding from the appellant's pocket before the arrest. The officers would have been derelict in their duty if they had not followed him out and investigated.

Further, there was no motion before trial to suppress the evidence nor was there any objection to the admission of the shotgun in evidence at the trial. Accordingly, the appellant waived any objection to a violation of his Fourth Amendment rights. Gurleski v. United States, 405 F.2d 253, 263 (C.A.5); Eleazar v. United States, 241 F.2d 385, 16 Alaska 561 (C.A.9); Honig v. United States, 208 F.2d 916 (C.A.8); Taylor v. Hudspeth, 113 F.2d 825 (C.A.10).

Since the conviction on Count Two can not stand, a question is presented concerning the testimony of the conviction of the appellant for a felony which was an essential element of that count. We think it was not prejudicial. Guilt of the appellant on the first count of the indictment was overwhelming. He was in possession of the shotgun at the time of his arrest. The length of time of the possession is not material nor is it a defense that the possessor does not know that it is not registered or that it is required to be registered. United States v. Freed, 401 U.S. 601, 607–608, 609, 610, 91 S.Ct. 1112, 28 L.Ed.2d 356 (1971); Warren v. United

States, 447 F.2d 259, 263 (C.A.9); Milentz v. United States, 446 F.2d 111, 113 (C.A.8).

Other assignments of error have been considered and found to be without merit.

Affirmed.