**UNITED STATES of America**

v.

**Logan ADAMS.**

**Civ. A. No. 11116.**

United States District Court,
E. D. Kentucky,
Catlettsburg Division.

Nov. 5, 1973.

Eugene E. Siler, Jr., U. S. Atty., Eldon Webb, Asst. U. S. Atty., Lexington, Ky., for plaintiff.

John M. Williams, Gray, Woods & Cooper, Ashland, Ky., for defendant.

MEMORANDUM OPINION AND ORDER

HERMANSDORFER, District Judge.

This matter is before the Court upon the defendant's motion to suppress certain evidence allegedly unlawfully seized so as to preclude the use of said evi-

dence against him in any criminal proceeding. The defendant contends by affidavit that the property was seized without his permission and without a search warrant. An evidentiary hearing was held at Catlettsburg, Kentucky on October 10, 1973.

On the evening of August 28, 1973, the defendant's automobile was stopped and searched by Charles R. Walter and James L. Brown, both of whom are Special Agents of the Alcohol, Tobacco and Firearms Division of the Department of the Treasury, and by Sgt. Morgan T. Elkins and Trooper Clyde Johns, both of whom are employed by the Kentucky State Police. The search, which occurred at the south limits of Louisa, Kentucky on U.S. Highway 23, revealed an Arminius Model HW38 .38 caliber revolver, Serial No. 504621, in the glove compartment of the automobile and a Rossi, 12-gauge single-shot shotgun, Serial No. 531126, underneath some clothing on the back seat or floor boards of the automobile. The defendant was subsequently arrested and charged with violating Title 18, U.S.C. App. § 1202(a) (1).

The search and arrest followed the receipt by Brown of a telephone call at his home in Ashland, Kentucky from a reliable informer, to the effect that Adams had firearms in his vehicle, which in one hour would be coming from Adams' home travelling along U.S. Highway 23 on the way to the Louisa Carpet Mills. Furthermore, the informer, who on two different occasions in the previous month provided Brown with reliable information, stated the description of the vehicle Adams would be driving.

Moreover, Brown knew Adams by sight and knew that he had previously been convicted of a felony. About one hour after Brown received the phone call, Adams appeared at the location where the informer said he would be, driving the vehicle which had been described.

The defendant seeks to establish two positions which he contends are supportive of his motion to suppress. Those positions, which will be separately considered, are:

(1) The arresting officers lacked probable cause to make a warrantless search of the defendant's vehicle; and,

(2) That mere probable cause is not enough to justify a warrantless search of an automobile.

The United States Court of Appeals for the Sixth Circuit has recently, in United States v. Averitt, 477 F.2d 1009, 1011 (6th Cir. 1973), held that the United States Supreme Court's decision in Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925) continues to be respected as a proper statement of what constitutes probable cause, justifying a warrantless search of a vehicle. Probable cause in this instance is defined as:

". . . 'a belief, reasonably arising out of circumstances known to the seizing officer, that an automobile or other vehicle contains that which by law is subject to seizure and destruction' . . . . 267 U.S. at 149, 45 S.Ct. at 283." United States v. Averitt, *supra,* 477 F.2d at 1011; see also United States v. Wells, 467 F.2d 65, 66–67 (6th Cir. 1972).

The uncontroverted facts as detailed above clearly establish that the federal agents had "probable cause" to make the search of the vehicle. Draper v. United States, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327 (1959); United States v. McCreary, 455 F.2d 647 (6th Cir. 1972); and United States v. Thacker, 382 F.2d 732 (6th Cir. 1967).

The defendant further asserts that mere probable cause will not preclude the quashing of a warrantless vehicle search. Under the Supreme Court's holding in Coolidge v. New Hampshire, 403 U.S. 443, 484, 91 S.Ct. 2022, 2047, 29 L.Ed.2d 564 (1971), which contains *inter alia* the following statement:

". . . [T]he police must obtain a warrant when they intend to seize an object outside the scope of a valid search incident to arrest . . . .."

the defendant's argument is unquestionably correct. However, the Supreme Court did not foreclose the possibility of a constitutionally sound warrantless search of a vehicle. One set of circumstances which was not excluded was where "exigent circumstances" dictate, as well as justify, the search. Coolidge v. New Hampshire, *Id.* at 460, 91 S.Ct. 2022. See also Chambers v. Moroney, 399 U.S. 42, 51, 90 S.Ct. 1975, 26 L.Ed. 2d 419 (1970).

■ In this instance, the opportunity to search was so fleeting that, had the agents stopped to execute a warrant prior to commencing a thirty to forty minute drive, it might have been lost forever.

Accordingly, in view of the foregoing, the defendant's motion to suppress shall be, and the same hereby is, overruled inasmuch as the search conducted was not violative of the safeguards afforded the defendant by the Fourth Amendment.

It is so ordered this 5 day of November, 1973.