**UNITED STATES of America, Appellee,**

v.

**Roy Rogers FAUNTLEROY, Appellant.**

**No. 73–1625.**

United States Court of Appeals, Fourth Circuit.

Submitted Nov. 11, 1973.

Decided Dec 4, 1973.

Jay Tronfeld, Richmond, Va. [court-appointed], for appellant.

Brian P. Gettings, U. S. Atty., and Raymond A. Carpenter, Asst. U. S. Atty., for appellee.

Before BOREMAN, Senior Circuit Judge, and WINTER and CRAVEN, Circuit Judges.

PER CURIAM.

Roy Rogers Fauntleroy appeals from his conviction by the district court sitting without a jury on two counts charging him with knowingly making false statements in the purchase of firearms in violation of 18 U.S.C. § 922(a)(6).[1] Fauntleroy was sentenced to concurrent three-year prison terms on the two counts.

Fauntleroy contends on appeal that (1) the prosecution failed to adduce sufficient evidence showing that he possessed the requisite intent to knowingly make a false oral or written statement with regard to his prior felony conviction, and (2) § 922(a)(6) violates the due process clause of the Fifth Amendment in that it arbitrarily and unreasonably discriminates against convicted felons as a class.

1. 18 U.S.C. § 922(a)(6) provides that:
   (a) It shall be unlawful—

   .    .    .    .    .

   (6) for any person in connection with the acquisition or attempted acquisition of any firearm or ammunition from a licensed importer, licensed manufacturer, licensed dealer, or licensed collector, knowingly to make any false or fictitious oral or written statement or to furnish or exhibit any false, fictitious, or misrepresented identification, intended or likely to deceive such importer, manufacturer, dealer, or collector with respect to any fact material to the lawfulness of the sale or other disposition of such firearm or ammunition under the provisions of this chapter.

The evidence is uncontradicted that on two separate occasions, May 27, 1972, and November 9, 1972, Fauntleroy purchased a .25 caliber automatic pistol from White's Auto Store in Tappahannock, Virginia. It is also uncontradicted that Fauntleroy was convicted in a Virginia state court on January 23, 1969, of a crime punishable by imprisonment for a term exceeding one year. The record includes firearms transaction forms signed by Faultleroy on which negative answers were entered to the following question [8b]: "Have you been convicted in any court of a crime punishable by imprisonment for a term exceeding one year?" There is no question that the forms contain material false information and bear Fauntleroy's signature.

■ Notwithstanding the forms, appellant contends that he was illiterate when he signed the forms and could not read the question pertaining to his criminal record. Even if he were unable to read the question, and the record does contain substantial evidence indicating that Fauntleroy was illiterate, his illiteracy did not preclude his understanding of the questions which were read aloud to him by the sales manager of the store, Thomas Chinault. Chinault, who sold both guns to Fauntleroy, stated that before asking Fauntleroy to sign the forms, he read them aloud in their entirety and told Fauntleroy that if he did not understand a question, he (Chinault) would explain it to him. According to Chinault, Fauntleroy indicated that he understood the questions. Chinault was satisfied that during both transactions Fauntleroy was able to freely communicate in the English language and did not appear to be under the influence of alcohol or any drug. Chinault's testimony provided sufficient evidence on which the trier of fact could find that on two separate occasions Fauntleroy knowingly gave a false answer to the question concerning his previous conviction for a crime punishable by imprisonment exceeding one year. United States v. Brown, 458 F.2d 375 (6 Cir. 1972);[2] United States v. Sherman, 421 F.2d 198 (4 Cir. 1970), cert. denied, 398 U.S. 914, 90 S.Ct. 1717, 26 L.Ed.2d 78 (1970).

Appellant argues that § 922(a)(6) violates the constitutional guarantee of due process in that it distinguishes felons from nonfelons. Section 922(a)(6) incorporates by reference other provisions of the Federal Gun Control Act, making it a crime for convicted felons to receive, possess, or transport in commerce any firearms. See 18 U.S.C. § 922(g); 18 U.S.C. § 922(b).

In United States v. Weatherford, 471 F.2d 47 (7 Cir. 1972), the court considered the constitutionality of 18 U.S.C. § 922(g) which prohibits the interstate shipment of firearms by previously convicted felons and held that § 922(g) did not arbitrarily discriminate against previously convicted felons as a class. The court observed that "[i]t seems crystal clear that the purpose of Congress in enacting this legislation was to eliminate firearms from the hands of criminals, while interfering as little as possible

2. The case of United States v. Brown, 458 F.2d 375 (6 Cir. 1972), is nearly identical to the one at bar. Brown was convicted for violating 18 U.S.C. § 922(a)(6). Gilbert, the store manager who sold the gun, testified that he asked Brown the questions [including 8(b)] from the firearms transaction form. Brown contended, as does appellant here, that he could not read and that the salesman did not read the questions to him. In upholding the conviction, the Sixth Circuit stated:

In finding appellant guilty . . . . , the jury must have credited Gilbert's testimony that he had asked Brown the required questions and that Brown had responded falsely. That determination of credibility was within the province of the jury. Accordingly, since there is substantial evidence to support the jury's verdict, it will be sustained. Glasser v. United States, 315 U.S. 60, 80, 62 S.Ct. 457, 86 L.Ed. 680 (1942). [458 F.2d at 376.]

The only difference in the cases is that this appellant was tried by the court without a jury, a distinction that would have no effect on the result in *Brown*.

with the law abiding citizen." 471 F.2d at 51.

We agree with the court in *Weatherford* that the classification distinguishing felons from nonfelons for purposes of gun control legislation is reasonable.

This court has held that the Federal Gun Control Act, including specifically 18 U.S.C. § 922(a)(6), under which Fauntleroy was convicted, is constitutional. United States v. Cabbler, 429 F. 2d 577, 578 (4 Cir. 1970).

Accordingly, we dispense with oral argument and affirm.

Affirmed.