Tommy **MOORE**, etc., Movant,

v.

Jim H. **ROSE**, etc., Respondent.

**UNITED STATES of America,**
**Plaintiff,**

v.

Tommy **MOORE**, etc., Defendant.
No. CIV 2–74–116.

United States District Court,
E. D. Tennessee,
Northeastern Division.

Sept. 18, 1974.

———◆———

Tommy Moore pro se.

Charles N. Stedman, Asst. U. S. Atty., Eastern District of Tenn., Knoxville, Tenn., for United States.

**MEMORANDUM OPINION AND ORDER**

NEESE, District Judge.

The prisoner Mr. Tommy Moore, in custody of the respondent pursuant to a state court judgment but under sentence of this Court in United States of America, plaintiff, v. Tommy Moore, etc., defendant, criminal action no. 7172, this district and division, claims the right to be released from the latter sentence on the ground that he was denied due process of law, Constitution, Fifth Amendment, and the equal protection of the law, Constitution, Fourteenth Amendment, when his court-appointed attorney neglected to give notice of an appeal from such conviction. 28 U.S.C. § 2255.

Pretermitting that issue, the respondent, proceeding herein through the United States attorney of this district, confessed that the movant was convicted in the aforenumbered criminal action under an indictment which did not confer jurisdiction upon this Court, in that such indictment did not allege, and the prosecution therein did not show, that the firearm, which the movant was convicted of having unlawfully possessed after having been convicted previously of a felony, 18 U.S.C. App. § 1202, had a nexus with interstate commerce. He concedes that this Court was without jurisdiction to impose sentence in the aforenumbered criminal action, 28 U.S.C. § 2255, and that Mr. Moore's conviction therein must be set aside because of the failure of the indictment to charge, and the failure of the prosecution to show, the requisite nexus with interstate commerce. United States v. Bass (1971), 404 U.S. 336, 347, 92 S.Ct. 515, 30 L. Ed.2d 488, 496[3]; *accord*: United States v. McCreary, C.A.6th (1972), 455 F.2d 647, 649–650[4], and United States v. Brown, C.A.6th (1972), 458 F.2d 375, 376[2].

Accordingly, the conviction of the movant Mr. Tommy Moore in United States of America, plaintiff, v. Tommy Moore, etc., defendant, criminal action no. 7172, this district and division, here-

by is VACATED and set aside. The United States attorney of this district, having requested herein that the Court dismiss the indictment in the aforenumbered criminal action, such request is treated as his application for leave of Court to file a dismissal of such indictment, prosecution thereunder shall terminate, Rule 48(a), Federal Rules of Criminal Procedure, and the defendant therein Mr. Tommy Moore hereby is released from custody in United States of America, plaintiff, v. Tommy Moore, etc., criminal action no. 7172, this district and division.