**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Martin Edward WOODLAN,
Defendant-Appellant.**

**No. 75–1539.**

United States Court of Appeals,
Sixth Circuit.

Argued Oct. 13, 1975.

Decided Jan. 9, 1976.

James C. Thomas, Philip J. Doherty, Doherty, Thomas, Essicks & Lippman, Royal Oak, Mich., for defendant-appellant.

Ralph B. Guy, Jr., U. S. Atty., Gordon S. Gold, Richard L. Delonis, Detroit, Mich., for plaintiff-appellee.

Before PHILLIPS, Chief Judge, MARKEY, Chief Judge of the Court of Customs and Patent Appeals,* and LIVELY, Circuit Judge.

PER CURIAM.

Martin Edward Woodlan appeals from his conviction for unlawful possession of a machine gun. The jury found him guilty under the first count of an indictment charging him with knowingly possessing a "firearm," as defined in 26 U.S.C. § 5845. The firearm was described in the indictment as a "Spitfire Arms, .45 caliber, 9mm [sic] automatic rifle, serial number 1562," which had not been registered to Woodlan in the National Firearms Registration and Transfer Record (26 U.S.C. § 5841) as required by 26 U.S.C. §§ 5861(d) and 5871.

On appeal Woodlan contends that the evidence presented at the trial fails to show that the Spitfire was a "machine gun" as defined by 26 U.S.C. § 5845(b) and that the prosecution failed to prove that he knowingly possessed an illegal firearm.

█ We find these contentions to be without merit. The record contains substantial evidence that the weapon possessed by Woodlan was a "machine gun" as defined by the statute, capable of being modified in two minutes to fire automatically. *See United States v. Williams,* 427 F.2d 1031 (9th Cir. 1970), *cert. denied,* 400 U.S. 909, 91 S.Ct. 153, 27 L. Ed.2d 148 (1970). "The only knowledge required to be proved was knowledge that the instrument possessed was a firearm." *United States v. Freed,* 401 U.S. 601, 607, 91 S.Ct. 1112, 28 L.Ed.2d 356 (1971). The act does not require knowledge that the firearm was not registered or that it was required to be registered. *United States v. Sanders,* 462 F.2d 122, 124 (6th Cir. 1972).

Woodlan further contends that the search warrant involved in this case was issued without probable cause and that the District Court committed plain error in not suppressing evidence obtained through the unlawful search.

We hold that the record fails to establish plain error. There is no merit in the contention that the affidavit to the search warrant fails to meet the requirements of *Aguilar v. Texas,* 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964). *See United States v. Jenkins,* 525 F.2d 819 (6th Cir. 1975).

Having found probable cause existed, we find no need for discussion of Woodlan's failure to move to suppress the evidence or to object to its admission at trial.

The judgment of the District Court is affirmed.

---

* Honorable Howard T. Markey, sitting by designation.