UNITED STATES of America, Appellee,

v.

Richard HARRIS, Defendant, Appellant.

No. 75–1422.

United States Court of Appeals, First Circuit.

Argued March 2, 1976.

Decided June 25, 1976.

564

Norman S. Zalkind, Boston, Mass., by appointment of the Court, with whom Zalkind & Zalkind, Boston, Mass., was on brief, for appellant.

James E. O'Neil, Asst. U. S. Atty., Boston, Mass., with whom James N. Gabriel, U.

S. Atty., Boston, Mass., was on brief, for appellee.

Before COFFIN, Chief Judge, ALDRICH and McENTEE, Circuit Judges.

COFFIN, Chief Judge.

Defendant appeals from a judgment of conviction for receiving and possessing a firearm, having earlier been convicted in a state court of a felony, 18 U.S.C. App. § 1202(a)(1). His state conviction was for larceny in excess of $100, a felony carrying a maximum prison sentence of five years. The sole issue before us, raised by motions below, is whether Title VII of the Omnibus Crime Control and Safe Streets Act of 1968, 18 U.S.C. App. §§ 1201–03, violates the due process clause of the Fifth Amendment. The appellant challenges, on an equal protection basis, the rationality of the congressional classification barring "felons" from receipt or possession of firearms.[1]

▉ The foundation of appellant's case is his argument that, while the legislative classification of felons will be sustained if it has a rational basis,[2] the search for such a basis should not be the conjectural type flowing from a relaxed review, *e. g., McGowan v. Maryland,* 366 U.S. 420, 426, 81 S.Ct. 1101, 6 L.Ed.2d 393 (1961), but the more rigorous, factually justified scrutiny for substantial relationship evidenced in *United States Department of Agriculture v. Moreno,* 413 U.S. 528, 93 S.Ct. 2821, 37 L.Ed.2d 782 (1973); *Weber v. Aetna Casualty & Surety Co.,* 406 U.S. 164, 92 S.Ct. 1400, 31 L.Ed.2d 768 (1972); and *Reed v. Reed,*

1. The statute defines "felony" to include "any offense punishable by imprisonment for a term exceeding one year, but does not include any offense (other than one involving a firearm or explosive) classified as a misdemeanor under the laws of a State and punishable by a term of imprisonment of two years or less." 18 U.S.C. App. § 1202(c)(2).

2. Appellant concedes that the statute does not employ a constitutionally suspect classification requiring rigid scrutiny to ascertain whether it is justified by public necessity, *Korematsu v. United States,* 323 U.S. 214, 65 S.Ct. 193, 89 L.Ed. 194 (1944). Although he does assert that the status of "felon" is unchangeable—apart

from the exemption of 18 U.S.C. § 1203(2)—he recognizes it is not "an immutable characteristic determined solely by the accident of birth", *Frontiero v. Richardson,* 411 U.S. 677, 686, 93 S.Ct. 1764, 1770, 36 L.Ed.2d 583 (1973). Nor does appellant argue that the statute, by virtue of touching upon a fundamental constitutional right, requires a compelling overriding governmental interest, *see San Antonio Independent School District v. Rodriguez,* 411 U.S. 1, 29, 33–34, 93 S.Ct. 1278, 36 L.Ed.2d 16 (1973). Such an argument as to firearms legislation was rejected in, *e. g., United States v. Craven,* 478 F.2d 1329, 1339 (6th Cir. 1973).

404 U.S. 71, 92 S.Ct. 251, 30 L.Ed.2d 225 (1971). Instead of looking at the instances where this kind of intermediate standard has been applied as exceptions, appellant would have us view them as exemplifying the rule.[3] We are not willing to make this leap to the general from these particular cases, which have involved discrimination on a sexual basis, *see, e. g., Reed, supra,* on the basis of illegitimacy, *see, e. g., Weber, supra,* or, as in *Moreno,* on the basis of antipathy to a life-style, *see* 413 U.S. at 543, 93 S.Ct. 2821.

The cases appellant cites involving classifications of criminals, *James v. Strange,* 407 U.S. 128, 92 S.Ct. 2027, 32 L.Ed.2d 600 (1972); *Mayer v. Chicago,* 404 U.S. 189, 92 S.Ct. 410, 30 L.Ed.2d 372 (1971); and *Rinaldi v. Yeager,* 384 U.S. 305, 86 S.Ct. 1497, 16 L.Ed.2d 577 (1966), all dealt with the imposition of more onerous burdens on indigent criminal defendants or appellants, affecting their access to the criminal justice system. In *United States v. Bishop,* 469 F.2d 1337 (1st Cir. 1972), in dealing with the rationality of the classification of second offenders for the purpose of determining eligibility for treatment, we made the kind of analysis appellant would have us apply here. In overruling *Bishop,* the Court in *Marshall v. United States,* 414 U.S. 417, 94 S.Ct. 700, 38 L.Ed.2d 618 (1974), made it clear that the standard of review was the traditional one. We deem *Marshall* controlling. In any event, the classifications struck down in the cases cited above failed to pass " 'a requirement of some rationality in the nature of the class singled out.' " *James, supra,* 407 U.S. at 140, 92 S.Ct. at 2034.

Here, appellant concedes that some felons are appropriately included (i. e., that the factor of past criminality is not irrelevant to the purposes of the legislation), and seeks to require only the drawing of a finer distinction (as in *Marshall* ). *See Mathews v. Diaz,* —— U.S. ——, 96 S.Ct. 1883, 1890, 48 L.Ed.2d 478, 44 U.S.L.W.

4748, 4752–54 (1976). Specifically, appellant emphasizes that he was not convicted of a crime of violence. But a government is not "prevented by the equal protection clause from confining 'its restrictions to those classes of cases where the need is deemed to be clearest' ", *Skinner v. Oklahoma,* 316 U.S. 535, 540, 62 S.Ct. 1110, 1113, 86 L.Ed. 1655 (1942), and the inclusion of appellant's less extreme, but nonetheless serious, offense, does not deprive the statutory classification of " 'some relevance to the purpose for which the classification is made' ", *Marshall, supra,* 414 U.S. at 422, 94 S.Ct. at 704. All of the circuits which we know to have ruled on equal protection challenges have upheld this classification. *United States v. Ransom,* 515 F.2d 885, 891–92 (5th Cir. 1975); *United States v. Synnes,* 438 F.2d 764, 771–72 (8th Cir. 1971), *vacated on other grounds,* 404 U.S. 1009, 92 S.Ct. 687, 30 L.Ed.2d 657 (1972); *United States v. Karnes,* 437 F.2d 284, 289 (9th Cir. 1971); *see also United States v. Three Winchester 30-30 Caliber Lever Action Carbines,* 504 F.2d 1288, 1290, n. 5 (7th Cir. 1974) (semble); *United States v. Fauntleroy,* 488 F.2d 79, 80–81 (4th Cir. 1973) (18 U.S.C. § 922); *United States v. Craven,* 478 F.2d 1329, 1339 (6th Cir. 1973) (§ 922); *United States v. Thoresen,* 428 F.2d 654, 658–60 (9th Cir. 1970) (15 U.S.C. § 902(e), since repealed).

We have foreshadowed our holding in *Reddy v. United States,* 403 F.2d 26, 27, n. 1 (1968), *cert. denied,* 393 U.S. 1085, 89 S.Ct. 871, 21 L.Ed.2d 778 (1969), where we said of a felon who had been convicted in federal court of stealing government obligations from the mail and fraudulently altering them: "It is not 'without support in reason,' . . . to conclude that a thief whose crime was a federal felony is an undesirable person to possess firearms; proof of an inescapable relationship between past and future conduct is not requisite." We must

---

3. He therefore seeks to distinguish such cases as *Marshall v. United States,* 414 U.S. 417, 94 S.Ct. 700, 38 L.Ed.2d 618 (1974); *Rodriguez, supra* note 2; *Jefferson v. Hackney,* 406 U.S. 535, 92 S.Ct. 1724, 32 L.Ed.2d 285 (1972); and

*Dandridge v. Williams,* 397 U.S. 471, 90 S.Ct. 1153, 25 L.Ed.2d 491 (1970), as dealing with the allocation of scarce public resources; this claim, however, overlooks the fact that *Moreno* dealt with the same subject.

take the same position with reference to one who has been convicted of a state malum in se crime of· grand larceny.

This being our holding, defendant here is in the same position as the defendant in *Reddy, supra* ; he lacks "standing to assert as a vice in the statute the inclusion of other parties." *Id.* at 27. By the same token, that Congress might rationally have included others within the proscription of the statute does not constitute a defect. "It is no requirement of equal protection that all evils of the same genus be eradicated or none at all." *Railway Express Agency, Inc. v. New York*, 336 U.S. 106, 110, 69 S.Ct. 463, 466, 93 L.Ed. 533 (1949). Finally, the disparity in federal impact of §§ 1201–03 arising from the variations in definitions of felonies in the different states offers no solace, as we have learned. *Marshall v. United States, supra*, 414 U.S. at 431 n. 1, 94 S.Ct. 700 (Marshall, J., dissenting, referring to our disparity analysis in *Bishop, supra* ). *See also United States v. Burton*, 475 F.2d 469, 471 (8th Cir. 1973); *United States v. Weatherford*, 471 F.2d 47, 51–52 (7th Cir. 1972) (18 U.S.C. § 922(g)(1)).

*Affirmed.*