921 F.2d 272
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Lloyd Benjamin LAND, Defendant-Appellant.
 No. 90-5301.
 United States Court of Appeals, Fourth Circuit.
 Submitted Nov. 20, 1990.
Decided Dec. 26, 1990.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Newport News. John A. MacKenzie, Senior District Judge. (CR-89-26-NN)
 Andrew A. Protogyrou, Knight, Dudley, Dezern & Clarke, Norfolk, Va., for appellant.
 Laura Marie Everhart, Assistant United States Attorney, Norfolk, Va., for appellee.
 E.D.Va.
 AFFIRMED.
 Before K.K. HALL, PHILLIPS and CHAPMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Lloyd Benjamin Land, convicted of 20 counts of making false statements to federally licensed firearms dealers, in violation of 18 U.S.C. Sec. 922(a)(6) and Sec. 2, and of 14 counts of receipt of firearms by a convicted felon, in violation of 18 U.S.C. Sec. 922(g)(1), appeals his convictions. Land argues that 18 U.S.C. Sec. 922 abridges his second amendment right to bear arms and violates equal protection by failing to distinguish rationally between violent and nonviolent felons. Because Land's appeal lacks merit, we affirm.
 
 
 2
 We have previously rejected a second amendment claim similar to the one raised here by Land, see United States v. Johnson, 497 F.2d 548 (4th Cir.1974), and we see no reason to change our views expressed in Johnson.
 
 
 3
 Land was convicted of two counts of unlawful wounding in 1968. Therefore, it appears he lacks standing to raise an equal protection claim as a member of any class of nonviolent offenders. Further, firearm regulations will be upheld if there is a rational basis for the statutory scheme. Lewis v. United States, 445 U.S. 55, 65 (1980). There is clearly a rational relationship between prohibiting the possession of firearms by persons convicted of serious crimes and attaining a legitimate government goal: reduction of lawlessness and violent crime. United States v. Giles, 640 F.2d 621 (5th Cir.1981); United States v. Harris, 537 F.2d 563 (1st Cir.1976).
 
 
 4
 Accordingly, we affirm Land's convictions. We dispense with oral argument because the facts and contentions are adequately presented in the parties' briefs and the record on appeal and argument would not aid the decisional process.
 
 
 5
 AFFIRMED.