**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 12 1997**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

DENNIS REID EIDSON,

    Defendant-Appellant.

No. 97-5065
(D.C. No. 94-CR-30-B)
(Northern District of Oklahoma)

---

**ORDER AND JUDGMENT**[*]

---

Before **PORFILIO**, **TACHA**, and **KELLY**, Circuit Judges.

---

After a panel of this court, applying *United States v. Botero-Ospina*, 71 F.3d 783 (10th Cir. 1995) (en banc), reversed the district court's order suppressing the evidence of an indoor marijuana growing operation, *United States v. Eidson*, 82 F.3d 427 (10th Cir. 1996) (unpublished), defendant Dennis Reid Eidson accepted a plea agreement which

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

allowed him to appeal his sentence and pled guilty to violation of 21 U.S.C. § 841(a)(1).

The plea triggered imposition of the statutory mandatory minimum sentence of 120

months' imprisonment.  In this appeal, Mr. Eidson challenges the statutory predicates of

this disposition, contending Congress lacked authority to regulate the wholly intrastate

activity of his marijuana production when it enacted the Comprehensive Drug Abuse Act

of 1970.  He similarly attacks the constitutionality of the Gun Control Act of 1968 and the

Sentencing Reform Act of 1984.  Finding no merit in these arguments, we affirm.

Mr. Eidson relies on ***United States v. Lopez***, 514 U.S. 549, 115 S.Ct. 1624 (1995),

which invalidated the Gun-Free School Zones Act of 1990, upon concluding Congress

had exceeded its Commerce Clause authority in attempting to criminalize the possession

of firearms in school zones absent any findings the prohibited possession substantially

affected interstate commerce.  The Court stated, "Section 922(q) is a criminal statute that

by its terms has nothing to do with 'commerce' or any sort of economic enterprise,

however broadly one might define those terms." ***Id.*** at 1630-31.  Although Mr. Eidson

would use the ***Lopez*** piton to scale the precipices of the Drug and Gun Control Acts, his

effort is daunted by insurmountable precedent.  In ***United States v. Wacker***, 72 F.3d

1453, 1475 (10th Cir. 1995), we rejected a similar argument and found 21 U.S.C. § 841

constitutional.  Indeed, the Fourth Circuit not only reached the same conclusion but

catalogued those cases finding that Congress may even regulate intrastate drug activities

under the Commerce Clause. ***United States v. Leshuk***, 65 F.3d 1105, 1112 (4th Cir.

1995).  *Lopez* permits no other reading of the Comprehensive Drug Abuse Prevention and Control Act of 1970.

Similarly, although he does not specify the precise basis of his constitutional challenge to the Gun Control Act, it too has sustained a variety of constitutional challenges.  *See, e.g.,* **United States v. Fauntleroy**, 488 F.2d 79, 80 (4th Cir. 1973) (classification of felons does not violate equal protection); **United States v. Staples**, 85 F.3d 461 (9th Cir.), *cert. denied*, 117 S.Ct. 318 (1996) (section 924(c)(1) is constitutional).

Finally, Mr. Eidson appears to focus his constitutional challenge to the Sentencing Reform Act of 1984 on Congress' exceeding its "commerce powers authority."  Again the argument is without merit.  The Supreme Court declared the Act constitutional in **Mistretta v. United States**, 488 U.S. 361 (1989), albeit without analysis under the Commerce Clause.

Although Mr. Eidson did not plead to a violation of 18 U.S.C. § 924(c), the sentencing court, Mr. Eidson appears to assert, took that evidence into consideration as relevant conduct in calculating his sentence.  However, the court sentenced Mr. Eidson to the statutory mandatory minimum of 120 months' imprisonment which is higher than a sentence which includes two points for possession of a firearm under U.S.S.G. § 2D1.1(b)(1).  Nonetheless, Mr. Eidson appears to argue because *Lopez* invalidates the

Drug Act, the Gun Act and the Sentencing Reform Act, "he committed no act against the United States." In the face of his signed plea, Mr. Eidson's contentions are unfounded.

**AFFIRMED**.

ENTERED FOR THE COURT

John C. Porfilio
Circuit Judge