132 F.3d 43
 97 CJ C.A.R. 3381
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Dennis Reid EIDSON, Defendant-Appellant.
 No. 97-5065.
(D.C.No. 94-CR-30-B)
 United States Court of Appeals, Tenth Circuit.
 Dec. 12, 1997.
 
 Before PORFILIO, TACHA, and KELLY, Circuit Judges.
 
 
 1
 ORDER AND JUDGMENT*
 
 PORFILIO
 
 2
 After a panel of this court, applying United States v. Botero-Ospina, 71 F.3d 783 (10th Cir.1995) (en banc), reversed the district court's order suppressing the evidence of an indoor marijuana growing operation, United States v. Eidson, 82 F.3d 427 (10th Cir.1996) (unpublished), defendant Dennis Reid Eidson accepted a plea agreement which allowed him to appeal his sentence and pled guilty to violation of 21 U.S.C. § 841(a)(1). The plea triggered imposition of the statutory mandatory minimum sentence of 120 months' imprisonment. In this appeal, Mr. Eidson challenges the statutory predicates of this disposition, contending Congress lacked authority to regulate the wholly intrastate activity of his marijuana production when it enacted the Comprehensive Drug Abuse Act of 1970. He similarly attacks the constitutionality of the Gun Control Act of 1968 and the Sentencing Reform Act of 1984. Finding no merit in these arguments, we affirm.
 
 
 3
 Mr. Eidson relies on United States v. Lopez, 514 U.S. 549, 115 S.Ct. 1624 (1995), which invalidated the Gun-Free School Zones Act of 1990, upon concluding Congress had exceeded its Commerce Clause authority in attempting to criminalize the possession of firearms in school zones absent any findings the prohibited possession substantially affected interstate commerce. The Court stated, "Section 922(q) is a criminal statute that by its terms has nothing to do with 'commerce' or any sort of economic enterprise, however broadly one might define those terms." Id. at 1630-31. Although Mr. Eidson would use the Lopez piton to scale the precipices of the Drug and Gun Control Acts, his effort is daunted by insurmountable precedent. In United States v. Wacker, 72 F.3d 1453, 1475 (10th Cir.1995), we rejected a similar argument and found 21 U.S.C. § 841 constitutional. Indeed, the Fourth Circuit not only reached the same conclusion but catalogued those cases finding that Congress may even regulate intrastate drug activities under the Commerce Clause. United States v. Leshuk, 65 F.3d 1105, 1112 (4th Cir.1995). Lopez permits no other reading of the Comprehensive Drug Abuse Prevention and Control Act of 1970.
 
 
 4
 Similarly, although he does not specify the precise basis of his constitutional challenge to the Gun Control Act, it too has sustained a variety of constitutional challenges. See, e.g., United States v. Fauntleroy, 488 F.2d 79, 80 (4th Cir.1973) (classification of felons does not violate equal protection); United States v. Staples, 85 F.3d 461 (9th Cir.), cert. denied, 117 S.Ct. 318 (1996) (section 924(c)(1) is constitutional).
 
 
 5
 Finally, Mr. Eidson appears to focus his constitutional challenge to the Sentencing Reform Act of 1984 on Congress' exceeding its "commerce powers authority." Again the argument is without merit. The Supreme Court declared the Act constitutional in Mistretta v. United States, 488 U.S. 361 (1989), albeit without analysis under the Commerce Clause.
 
 
 6
 Although Mr. Eidson did not plead to a violation of 18 U.S.C. § 924(c), the sentencing court, Mr. Eidson appears to assert, took that evidence into consideration as relevant conduct in calculating his sentence. However, the court sentenced Mr. Eidson to the statutory mandatory minimum of 120 months' imprisonment which is higher than a sentence which includes two points for possession of a firearm under U.S.S.G. § 2D1.1(b)(1). Nonetheless, Mr. Eidson appears to argue because Lopez invalidates the Drug Act, the Gun Act and the Sentencing Reform Act, "he committed no act against the United States." In the face of his signed plea, Mr. Eidson's contentions are unfounded.
 
 
 7
 AFFIRMED.
 
 
 
 *
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3