**UNITED STATES of America, Plaintiff-Appellee,**

v.

**James Cecil WILSON, Defendant-Appellant.**

**No. 20862.**

United States Court of Appeals, Sixth Circuit.

April 19, 1971.

---

1. See NLRB v. Amalgamated Clothing Workers of America, 5 Cir., 1970, 430 F. 2d 966.

* Rule 18, 5th Cir. See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York

et al., 5th Cir. 1970, 431 F.2d 409, Part I.

** See NLRB v. Amalgamated Clothing Workers of America, 430 F.2d 966 (5th Cir. 1970).

in 1968, and 26 U.S.C. §§ 5861(d), 5871, as amended in 1968, respectively.

Appellant contends that enforcement of the aforementioned statutes violates his Second, Fourth and Fifth Amendment rights under the United States Constitution. We do not agree. United States v. Freed, 401 U.S. ——, 91 S.Ct. 1112, 28 L.Ed.2d 356 (1971).

Further, Appellant contends that Congress was without power to enact 26 U.S.C. § 5801 et seq. without a more complete showing that the intrastate use of dangerous weapons and firearms affects interstate commerce. See United States v. Stevens, 440 F.2d 144 (6th Cir. 1971), and United States v. Bass, 434 F.2d 1296 (2d Cir. 1970), cert. granted 401 U.S. ——, 91 S.Ct. 1234, 28 L.Ed.2d 530. The congressional history of the National Firearms Act Amendments of 1968 and its predecessor statutes clearly sets out facts sufficient for Congress to have determined that the provisions of 26 U.S.C. § 5801 et seq., as amended in 1968, are within both the taxing power, see Sonzinsky v. United States, 300 U.S. 506, 57 S.Ct. 554, 81 L.Ed. 772 (1937), and the commerce power of Congress.

Affirmed.

G. D. Milliken, Jr., Bowling Green, Ky. (Milliken & Milliken, Bowling Green, Ky., on the brief), for appellant.

Kenneth J. Tuggle, Louisville, Ky. (George J. Long, U. S. Atty., Louisville, Ky., on the brief), for appellee.

Before WEICK, CELEBREZZE and McCREE, Circuit Judges.

PER CURIAM.

This is an appeal from the United States District Court for the Western District of Kentucky. Appellant was convicted and sentenced pursuant to a jury verdict on a two-count indictment of dealing in firearms and possessing a sawed off shot gun in violation of 18 U.S.C. §§ 922(a) (1), 924(a), as amended