The UNITED STATES
v.
Rodney Glenn SMITH.

Crim. No. 27241.

United States District Court,
N. D. Georgia,
Atlanta Division.

April 3, 1972.

On Denial of Reconsideration
April 17, 1972.

John W. Stokes, Jr., U. S. Atty., P. Bruce Kirwan, Asst. U. S. Atty., Atlanta, Ga., for plaintiff.

Henry Angel, Savell, Williams, Cox & Angel, Atlanta, Ga., for defendant.

### ORDER

EDENFIELD, District Judge.

Defendant in this case has been indicted for possessing an unregistered firearm in violation of 26 U.S.C. § 5861 (d) (1970), a section of the amended National Firearms Act [the "Act"]. The matter is now before the court on defendant's motion to dismiss the indictment and convene a three-judge court, and his motions to suppress evidence, obtain a bill of particulars, order discovery, and require the Government to report on its use of electronic surveillance in this case.

■ In his motion to dismiss and convene a three-judge court defendant contends that § 5861(d) is unconstitutional because it punishes mere possession of firearms, whether or not such possession is in commerce or affects commerce. He argues that under the recent Supreme Court case of United States v. Bass, 404 U.S. 336, 92 S.Ct. 515, 30 L.Ed.2d 488 (1971), Congress has no power to enact such a law.

In the first place, *Bass* does not support defendant's proposition. In *Bass* the Court was invited to consider the constitutionality of 18 U.S.C.App. § 1202 (a) (1970), a section of the Omnibus Crime Control and Safe Streets Act, which provides in part:

"Any person who—

(1) has been convicted by a court of the United States or of a State or any political subdivision thereof of a felony . . . and who *receives, possesses, or transports in commerce or affecting commerce* . . . any firearm shall be fined not more than $10,000 or imprisoned for not more than two years, or both." (Emphasis added.)

The Court was troubled by the emphasized portion of the statute. Did Congress intend to punish a felon who receives, possesses, or transports a firearm only if the felon committed any of these acts in commerce or affecting commerce, or did Congress intend to punish a felon who receives or possesses a firearm even if the felon did not commit these acts in commerce or affecting commerce? In view of the ambiguity of the statute, the Court specifically decided *not* to reach the constitutional issue and it did not determine whether Congress could intrude upon traditional state criminal jurisdiction and punish "mere possession". Instead, it construed § 1202(a) to mean Congress intended to punish only a felon who committed any of the three enumerated offenses in commerce or affecting commerce, and it affirmed the reversal of Bass' conviction on the ground that the prosecution had neither alleged nor proved that Bass committed the proscribed activity in commerce or affecting commerce. Thus *Bass* cannot be relied upon for the position that Congress may not punish "mere possession" of firearms.[1]

In the second place, the Act in both its original form and its present form,[2] has been upheld as a legitimate exercise of the taxing power of Congress against

---

1. The Fifth Circuit has recently held that Congress had the power to punish "mere acquisition" of a firearm by a felon. United States v. Nelson, 458 F.2d 556 (5th Cir. 1972). The panel in that case was considering the constitutionality of 18 U.S.C. § 922 (1970). It found the statute unambiguous and determined that Congress intended to punish "mere acquisition" without requiring a showing of a connection to commerce. The panel proceeded to reach the constitutional question and ruled in favor of constitutionality.

2. Defendant argues in his brief that the amendments to the Act were part of the same bill that contained amendments to § 1202(a) of the Omnibus Crime Control and Safe Streets Act and that the heading on the bill states that it was designed to "provide for better control of the interstate traffic in firearms." He contends that this means all the amendments were enacted pursuant to the Commerce Clause, including those relating to the National Firearms Act.

the attack that it usurps the police power of the states. United States v. Miller, 307 U.S. 174, 59 S.Ct. 816, 83 L.Ed. 1206 (1939); Sonzinsky v. United States, 300 U.S. 506, 57 S.Ct. 554, 81 L.Ed. 772 (1937); United States v. Wilson, 440 F.2d 1068 (6th Cir. 1971); United States v. Matthews, 438 F.2d 715 (5th Cir. 1971); United States v. Gullett, 322 F.Supp. 272 (D.Colo.1971). It is therefore irrelevant whether Congress also had the power under the Commerce Clause or any other clause to enact § 5861(d).[3]

■ Defendant also claims that he is being deprived of "life, liberty, or property without due process of law" because he is being subjected to criminal punishment for the violation of a statutory duty imposed upon the person who transferred a firearm to him and over whom he has no control. This claim is specious. A transferee of a firearm may avoid prosecution and punishment under the Act by making sure that the firearm has been properly registered before assuming possession of it. Defendant has not been denied due process. *See* Milentz v. United States, 446 F.2d 111 (8th Cir. 1971).

■ Finally, defendant claims that the Act is unconstitutional because it provides only "use" immunity, as opposed to "transactional" immunity, to one who supplies incriminating information to the Secretary of the Treasury or his delegate in the course of complying with the Act. This claim is misconceived.

In Haynes v. United States, 390 U.S. 85, 88 S.Ct. 722, 19 L.Ed.2d 923 (1968), the Supreme Court held that the transferee of a firearm who attempted to comply with the registration provisions of the Act as it was then written would necessarily face substantial and real hazards of incrimination. In view of that, the Court ruled that the timely assertion of the Fifth Amendment privilege by the transferee and possessor of an unregistered firearm would be a complete defense to a criminal prosecution under the Act. Congress subsequently amended the Act and, among other things, placed the burden of registration upon the transferor of the firearm instead of the transferee. In United States v. Freed, 401 U.S. 601, 91 S.Ct. 1112, 28 L.Ed.2d 356 (1971), the Supreme Court held that the transferee who attempted to comply with the amended Act would *not* face either substantial or real hazards of incrimination.[4] Thus the timely assertion of the Fifth Amendment privilege by the transferee of an unregistered firearm is no longer a defense to a criminal prosecution under the Act. Since the Court has held that the transferee of a firearm who attempts to comply with the Act no longer faces the risk of self-incrimination, he does not need immunity, whether "use" or "transactional".[5] Defendant's attack upon the constitutionality

---

The legislative history reveals, however, that the House bill contained amendments only to Title 18 of the United States Code. The Senate bill, which evolved later, contained separate amendments to Title 26 of the Code, specifically the amendments to the National Firearms Act. The Conference Committee then adopted the House bill, but included, among other things, the Senate amendments to the National Firearms Act. As explained in the text above that Act was enacted pursuant to the taxing power of Congress, not the Commerce Clause. *See* H.R.Rep.No.1577, 90th Cong., 2d Sess. (1968); Conf.Rep. No.1956, 90th Cong., 2d Sess. (1968).

3. In United States v. Wilson, *supra*, the Sixth Circuit held that § 5861(d) was also

a legitimate exercise of Congress' power under the Commerce Clause.

4. The Court reached this conclusion after pointing out, among other things, the very limited amount of information the transferee must now supply, and the fact that as a matter of policy the Secretary of the . Treasury does not provide this information to law enforcement agencies.

5. The question of "use" immunity versus "transactional" immunity has recently been argued before the Supreme Court. *See* 40 U.S.L.W. 3325 (U.S. Jan. 18, 1972).

of the Act on the basis of the type of immunity provided must, therefore, fail.

■ Since previous decisions of the Supreme Court and other courts render insubstantial defendant's attacks upon the constitutionality of the statute under which he is being prosecuted, there is no need to convene a three-judge court to consider enjoining the pending prosecution. *See* Local Union No. 300, Amal. Meat Cutters & Butcher Workmen v. McCulloch, 428 F.2d 396 (5th Cir. 1970).

■ Turning to defendant's motion to suppress, the court notes that the Government concedes that the evidence in question was seized without a warrant. However, the Government states that there was probable cause for the arrest of defendant and, although the Government did not state this, the court assumes the Government will seek to prove that the evidence was seized pursuant to this warrantless arrest. The court will therefore hold a hearing on this motion at the time of trial. Rule 41(e), Fed.R.Crim.P.

■ In his motion for a bill of particulars defendant demands that the Government state the precise manner in which the charged offense was committed, provide the names and addresses of all persons known to the Government who have knowledge of the facts of the case, and reveal now all exculpatory information in its possession. These demands go to the Government's proof rather than to a clarification of the indictment and they cannot be granted on a motion for a bill of particulars. United States v. White, D.C., 50 F.R.D. 70, aff'd., 450 F.2d 264 (5th Cir. 1971).[6] Defendant has also demanded a more precise description of the unregistered weapon he allegedly possessed. How-

ever, the description contained in the indictment is sufficiently particularized to enable him to prepare an adequate defense, avoid surprise at trial, and bar a subsequent prosecution for the same offense. *See* United States v. Davis, 330 F.Supp. 899, 901 (N.D.Ga.1971).

Defendant also moves for discovery of all tests and reports made by the Government in this case, as well as any statements defendant gave to Government agents. The Government, in response, has provided defendant with the substance of a special investigator's report concerning a conversation he had with defendant and the results of a test made on the unregistered weapon allegedly . possessed by defendant. The Government states that it has no other statements from defendant and conducted no other tests.

Finally, in response to defendant's request for a report on the use of electronic surveillance in this case, the Government states that it conducted no such electronic surveillance.

For the foregoing reasons, defendant's motion to dismiss the indictment and convene a three-judge court is denied. Defendant's motions for a bill of particulars, discovery, and a report on the use of electronic surveillance in this case are denied. A hearing shall be held at the time of trial in this case on defendant's motion to suppress.

It is so ordered.

### On Motion for Reconsideration

Defendant requests reconsideration of that portion of the court's order of April 3, 1972 entered in the above-styled case which rejects his contention that the section of the National Firearms Act under which he is being prosecuted, 26 U.S.C. § 5861(d) (1970),[1] is unconstitu-

---

6. The names and addresses of persons known by the Government who have knowledge of the facts of this case, other than prospective witnesses for the prosecution, and information in the Government's possession which would be helpful to his case, may be requested from the United States Attorney on the basis of Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), under the

procedures outlined in United States v. Eley, 335 F.Supp. 353, 359–360 (N.D.Ga. 1972).

1. "It shall be unlawful for any person—
   *   *   *   *   *
   (d) to receive or possess a firearm which is not registered to him in the National Firearms Registration and Transfer Record . . . ."

tional. Defendant renews his argument that Congress had no power under the Commerce Clause to enact a statute prohibiting and punishing the possession of an unregistered firearm.

As the court pointed out in its order of April 3, the Supreme Court has twice held that the National Firearms Act is a constitutional exercise of the *taxing* power of Congress, its regulatory features notwithstanding. United States v. Miller, 307 U.S. 174, 59 S.Ct. 816, 83 L.Ed. 1206 (1939); Sonzinsky v. United States, 300 U.S. 506, 57 S.Ct. 554, 81 L.Ed. 772 (1937). In *Miller* the Court listed the punishment provisions of the Act—including the section stating that "it shall be unlawful for any person to receive or possess any firearm which has at any time been transferred in violation of section 3 or 4 of this Act"— and specifically rejected as "plainly untenable" the suggestion that the Act usurped the police power of the states.

In 1958 Congress clarified and simplified the language of the section quoted above from *Miller* by adding to that section the words: "or to possess any firearm which has not been registered as required by Section 5841." Excise Tax Technical Changes Act of September 2, 1958, Pub.L.No. 85–859, § 203, 72 Stat. p. 1275. *See* S.Rep.No.2090, 85th Cong., 2d Sess. (1958). In 1968, Congress restated this same provision, as indicated in footnote 1, and the legislative history makes clear that this restatement and other amendments [2] to the Act were made pursuant to the *taxing* power of Congress. S.Rep.No.1501, 90th Cong., 2d Sess. 26, 39–40, 42–43, 51–52 (1968). Hence, as the Fifth and Sixth Circuits and the District Court of Colorado have held, the prior holdings of the Supreme Court still control as to the constitutionality of the National Firearms Act. United States v. Wilson, 440

F.2d 1068 (6th Cir. 1971); United States v. Matthews, 438 F.2d 715 (5th Cir. 1971); United States v. Gullett, 322 F.Supp. 272 (D.Colo.1971). *Cf.* Minor v. United States, 396 U.S. 87, 98 n. 13, 90 S.Ct. 284, 24 L.Ed.2d 283 (1969). Since the Act is a constitutional exercise of Congress' taxing power, it does not matter whether it is also a constitutional exercise of Congress' power under the Commerce Clause.

The request for reconsideration is denied.

---

2. The bulk of the other amendments to the Act were added in response to the decision of the Supreme Court in Haynes v. United States, 390 U.S. 85, 88 S.Ct. 722, 19 L.Ed.2d 923 (1968). But *Haynes* did not declare any part of the National Firearms Act unconstitutional. It merely held that the timely assertion of the Fifth Amendment privilege by the transferee or possessor of an unregistered firearm would be a complete defense to a criminal prosecution under the Act.