**UNITED STATES of America, Plaintiff-Appellee,**

v.

**James Ralph BLACK and David Anthony Leach, Defendants-Appellants.**

**Nos. 72-1177, 72-1178.**

United States Court of Appeals, Sixth Circuit.

Nov. 24, 1972.

Certiorari Denied May 7, 1973. See 93 S.Ct. 2161.

Albert C. Hawes, Covington, Ky. (Court-appointed—CJA), and J. Gregory Wehrman, Wehrman & Wehrman, Covington, Ky. (Court-appointed), for defendants-appellants.

Robert M. Murphy, Asst. U. S. Atty., Lexington, Ky., for plaintiff-appellee; Eugene Siler, U. S. Atty., Lexington, Ky., on briefs.

Before PHILLIPS, Chief Judge, and McCREE and MILLER, Circuit Judges.

PER CURIAM.

Appellants Black and Leach were tried and convicted in the district court for the Eastern District of Kentucky under the provisions of the National Firearms Act, 26 U.S.C. § 5801 et seq.

---

It appears that Black inherited from his deceased father about sixteen machine guns, mostly of foreign make. The guns were collected by Black's father while he was in the army. In preparation for entry into the Peace Corps Black attempted to sell the guns. Leach, a friend of Black's, acted as broker for the sale, locating a potential buyer. The potential buyer, Heines, informed the F.B.I. of the appellants' activities. The F.B.I. advised Heines to complete the sale. After the completion of the gun transfer from Leach to Heines, the appellants, Black and Leach, were arrested and charged with violations of 26 U.S.C. §§ 5861(b), (d), and (e), 5871, and 5811.

The National Firearms Act makes illegal the possession or sale of certain types of guns, mainly sawed-off shotguns and machine guns, unless the transferor registers with the Internal Revenue Service and pays a transfer tax of $200 per gun. Black and Leach did not comply with the registration provisions, nor pay the transfer tax as required by this statute.

■ Appellants challenge their convictions on the ground that the National Firearms Act is unconstitutional in that it violates their fifth amendment rights against self-incrimination. While this challenge was successful in Haynes v. United States, 390 U.S. 85, 88 S.Ct. 722, 19 L.Ed.2d 923 (1968), the Act has since been amended to remove its constitutional deficiencies. The amended statute has been upheld in United States v. Freed, 401 U.S. 601, 91 S.Ct. 1112, 28 L.Ed.2d 356 (1971). Our circuit also has recently upheld the statute against challenges to it on constitutional grounds. United States v. Wilson, 440 F.2d 1068 (6th Cir. 1971). Consequently we find the arguments of the appellants to be without merit.

■ Appellant Black also challenges his conviction on the ground that the tax in question is excessive. It has been recognized that in the case of the National Firearms Act the amount of the tax is reasonable and within the discretion of Congress. We find no merit in this contention. See United States v. Wilson, *supra*.

■■ Appellant Leach challenges his conviction on two additional grounds, (1) that he was never in possession of the guns, and (2) that his fourth amendment rights were violated. Leach argues that since he did not own the guns, and acted only as a broker for Black, he was never in possession of the firearms in violation of the Act. The Eighth Circuit has held that constructive possession is sufficient to uphold a conviction under the Act. See United States v. Holt, 427 F.2d 1114, 1117 (8th Cir. 1970). There is little doubt from the record before us that Leach had constructive possession of the machine guns in his capacity as broker. Also there is sufficient evidence in the record to support the conclusion that Leach had actual possession of the guns when he sold them to Heines. Consequently this contention must likewise fail.

■ Finally, Leach challenges his conviction on the ground that the evidence used against him was obtained through an unlawful search and seizure. A F.B.I. agent testified that he was at Heines' place of business on at least two occasions, when appellant Leach called. On one of these occasions, the agent picked up an extension telephone and listened to the conversation between Heines and Leach. There was a substantial history of cooperation between Heines and the F.B.I. The appellant contends that since Heines did not specifically consent before the agent picked up the extension telephone Heines did not consent to the agent's actions. It is well established that when one party consents to police eavesdropping, the other party cannot object on the ground that his fourth amendment rights were violated. Rathbun v. United States, 355 U.S. 107, 78 S.Ct. 161, 2 L.Ed.2d 134 (1957); United States v. Tane, 329 F.2d 848 (2nd Cir. 1964). Under the circumstances before us, it is apparent that Heines gave actual consent to the agent's actions. Accordingly, the appellant's

fourth amendment rights were not violated.

We find no merit in the appellants' contentions and the judgments of conviction are hereby affirmed.