**UNITED STATES of America**
v.
**Albert S. CUBETA.**
**Crim. No. 13188.**

United States District Court,
D. Connecticut.
Jan. 11, 1974.

Court denied the defendant's motion to dismiss on the ground that the indictment was multiplicitous.

## I.

 The defendant now contends that 18 U.S.C. §§ 922(m), 923 and 924(a) are unconstitutional as applied to licensed firearm dealers because, in the absence of an immunity provision, they require the disclosure of information which may subject the defendant to self-incrimination in violation of his rights under the Fifth Amendment.

Section 923 prescribes the licensing and record keeping procedures necessary to engage in the firearms and ammunition business; section 922(m) declares it unlawful to fail to keep the records required by section 923; and section 924(a) sets forth the penalty which may be imposed for a violation of the record keeping provisions of the Act.

Relying on the principles established in Haynes v. United States, 390 U.S. 85, 88 S.Ct. 722, 19 L.Ed.2d 923 (1968), the defendant argues that if he were required to record the acquisition of the firearms referred to in Counts 1, 2 and 3, as mandated by section 923, he would be exposed to the "risks" of self-incrimination. In the Court's opinion, the *Haynes* rationale is inapplicable to the statutes under consideration here for the following reasons:

1. One of the prerequisites for the application of *Haynes* is a statute which compels the reporting of information with respect to persons who are almost exclusively involved in criminal conduct. *Id.*, 390 U.S. at 96, 88 S.Ct. 722. See also Marchetti v. United States, 390 U.S. 39, 52, 88 S.Ct. 697, 19 L.Ed.2d 889 (1967); Grosso v. United States, 390 U.S. 62, 64, 88 S.Ct. 709, 19 L.Ed.2d 906 (1967). However, licensed firearm dealers, such as the defendant, are not individuals "inherently suspect of criminal activity." See Lauchli v. United States, 481 F.2d 408, 411 (7 Cir. 1973).

2. The provisions of the licensing and recording statute in question are directed at law-abiding people as well as

Stewart H. Jones, U. S. Atty., Thomas Maxwell, Asst. U. S. Atty., Bridgeport, Conn., for plaintiff.

J. Daniel Sagarin, Bridgeport, Conn., for defendant.

## MEMORANDUM OF DECISION

ZAMPANO, District Judge.

The defendant, a licensed dealer of firearms, has been charged in a seven-count indictment with various violations of the Gun Control Act, 18 U.S.C. § 921 et seq. In Counts 1, 2 and 3, the government alleges the defendant possessed certain weapons not registered to him in the National Firearms Registration and Transfer Record, in violation of 26 U.S.C. §§ 5861(d) and 5871; Counts 4, 5 and 6 charge that he failed to make the appropriate entries with respect to the weapons (enumerated in Counts 1, 2 and 3) in his firearms acquisition and disposition record book, as required by 18 U.S.C. §§ 922(m) and 924(a); and Count 7 accuses him of failing to maintain the acquisition and disposition record book in conformity with 18 U.S.C. §§ 922(m) and 924(a). On April 19, 1973, this

at criminals; therefore, unlike the situation in *Haynes*, 390 U.S. at 97, 88 S.Ct. 722, there is no automatic hazard of self-incrimination by a licensee's compliance with the bookkeeping requirements set forth therein.

3. The defendant is not a "mere possessor" of a firearm, as in *Haynes,* but a federal firearms licensee who voluntarily decided to submit himself to the rigorous registration provisions of section 923, and the regulations promulgated thereunder. Compare Kilcrease v. United States, 457 F.2d 1328 (8 Cir. 1972).

4. There is little question that section 923 is essentially regulatory in nature with definite "public aspects" features. The government has a valid public interest in obtaining the information required by the enactment in order to check and control administratively the traffic of firearms throughout the country. Under these circumstances the "required records" doctrine, see Shapiro v. United States, 335 U.S. 1, 68 S.Ct. 1375, 92 L.Ed. 1787 (1948), is applicable; the protection of the Fifth Amendment does not apply. United States v. Lebman, 464 F.2d 68, 70–72 (5 Cir. 1972); United States v. Kaufman, 429 F.2d 240, 247 (2 Cir. 1970); cf. United States v. Warren, 453 F.2d 738, 743 (2 Cir. 1972).

5. The Court of Appeals for the Sixth Circuit in United States v. Wilson, 440 F.2d 1068 (1971) rejected a challenge to the constitutionality of sections 922(a)(1) and 924(a) of the Gun Control Act.

## II.

█ Defendant next asserts that Count 1 of the indictment must be dismissed because his constitutional rights were violated when the government, without a court order and in the absence of counsel, removed the weld of the weapon in question (a machine gun) which had, at the time of the defendant's arrest, prevented it from chambering and firing. It is argued that the government's action now prevents the defendant from presenting to the jury his defense that the firearm described in Count 1 was not a "firearm" within the terms of the statute, 26 U.S.C. § 5845(a) and (b).

Without intending to prejudge the merits of the defendant's defense, it is difficult to perceive how the government's conduct in any way rises to a constitutional denial of a fair trial as a matter of law. In preparation for trial, the government's expert removed the weld in order to inspect and test the weapon to determine whether it was "readily restorable to fire" as required under § 5845(b). A photographic record of the procedure was made and is available to the defendant for examination. The photographs, if authenticated, may be relevant evidence at trial. United States v. De Pugh, 452 F.2d 915, 920 (10 Cir. 1971).

The government adopted an approved method of proving an essential element of the crime charged in this case. See United States v. Whalen, 337 F.Supp. 1012, 1018 (S.D.N.Y.1972); cf. United States v. 16,179 Molso Ital. .22 Cal. Winlee Der., Etc., 443 F.2d 463 (2 Cir. 1971). In a similar case in this District, United States v. Catanzaro, 368 F.Supp. 450 (D.Conn.1973), the government's expert prior to trial replaced certain broken parts and reassembled a shotgun in order to be able to establish at trial that the weapon was "readily restorable to fire." See also United States v. Smith, 477 F.2d 399 (8 Cir. 1973) (per curiam); United States v. Melancon, 462 F.2d 82 (5 Cir.), cert. denied, 409 U.S. 1038, 93 S.Ct. 516, 34 L.Ed.2d 487 (1972). In the instant case, since the photographs depict the original condition of the weapon as well as the restoral process, the defendant's right and scope of cross-examination and the presentation of his defense have not been impaired. Nevertheless, if·the defendant at trial demonstrates that the government's action has in fact deprived him of evidence relevant to his cross-examination or defense, the Court upon motion will reconsider this ruling. Cf.

United States v. Miller, 381 F.2d 529, 535–536 (2 Cir. 1967).

### III.

■ Defendant's final argument is that Count 3 of the indictment must be dismissed because the "convertible holster-shoulder stock" specified therein belongs to the firearm mentioned in Count 2 and, therefore, cannot be considered as part of the weapon involved in Count 3. In other words, the defendant claims that a single shoulder stock cannot be employed to support multiple counts of the indictment naming two different weapons.

The short answer to the defendant's contention is that the issue must await the proof at trial; evidentiary questions of this type should not be determined on a motion to dismiss. Rule 12(b)(1), F. R.Crim.P.; cf. United States v. Knox, 396 U.S. 77, 83, n. 7, 90 S.Ct. 363, 24 L. Ed.2d 275 (1969).

Accordingly, the defendant's motion to dismiss is denied.