**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Calvin RICHARDSON, Defendant-Appellant.**

**No. 74–1201.**

United States Court of Appeals,
Fifth Circuit.

Nov. 21, 1974.

358

Thomas F. Schexnayder, Metairie, La. (Court-appointed), for defendant-appellant.

Gerald Gallinghouse, U. S. Atty., Mary Williams Cazalas, Asst. U. S. Atty., New Orleans, La., for plaintiff-appellee.

Before GOLDBERG, GODBOLD and MORGAN, Circuit Judges.

GOLDBERG, Circuit Judge:

On the afternoon of December 26, 1972, New Orleans police stopped defendant-appellant Calvin Richardson for driving his 1968 Pontiac GTO in the wrong direction on a one-way street in downtown New Orleans. Richardson carried two old acquaintances as passengers: Clarence Louis Fritz, riding in the back seat, and Ralph Joseph Anderson in the front passenger seat. After the police officers turned on their flashing light and honked at Richardson's car, but before Richardson brought it to a halt, the back seat passenger turned around and looked at the patrol car, then turned back to the front and leaned forward as if handing something to the driver. Suspicious of this movement, when Richardson's car stopped, the arresting officers asked all three occupants to get out of the car and identify themselves. While one of the officers examined the identifications produced, the other noticed a bag beneath the front seat on the floor of Richardson's car, with a pipe or gun barrel protruding about two inches through a hole and in plain view. The officer seized the bag, detecting immediately that it contained a weapon; opening the bag, he discovered a sawed-off shotgun. The weapon was found to be loaded, and upon frisking Anderson, Fritz and Richardson, the

officers located another live cartridge in Fritz' jacket pocket. All three were arrested for possession of the sawed-off shotgun, placed in the back seat of the police patrol car, and advised of their rights under *Miranda*. Nevertheless, after a brief colloquy with his two associates, Richardson inquired of his captors: "What would happen if any one of us claimed it [the gun], takes the rap?" This appeal arises out of a jury's response to that question.

Anderson, Fritz and Richardson were charged in a two-count indictment with knowingly and unlawfully possessing an unregistered shotgun in violation of 26 U.S.C. §§ 5845(a), 5861(b) (Count I), and with knowingly and unlawfully possessing a firearm which was unidentified by a serial number in violation of 26 U.S.C. §§ 5842, 5861(i) (Count II). Anderson pleaded guilty to both counts, and drew concurrent three-year sentences. After a joint jury trial at which Anderson, Fritz and Richardson all testified, Fritz and Richardson were convicted on Count I and acquitted on Count II. Fritz was sentenced to three years' confinement; Richardson to five. Richardson brings this appeal, contesting the sufficiency of the evidence of his possession of the illegal weapon; contending that the trial court committed reversible error in not properly instructing the jury regarding evidence of Anderson's guilty plea; and challenging the trial court's jury instruction on reasonable doubt.[1] We affirm.

**A**

■■ The Government attempted to prove—and the jury evidently concluded—that Richardson was in constructive, though not actual, possession of the sawed-off shotgun. We have repeatedly recognized that possession of contraband drugs

> may be actual or constructive, constructive possession being dominion and control over the illegal drug. Such possession need not be exclusive, but may be shared with others, and is susceptible of proof by circumstantial as well as direct evidence.

Garza v. United States, 5 Cir. 1967, 385 F.2d 899, 901; Smith v. United States, 5 Cir. 1967, 385 F.2d 34, 38–39. *See, e. g.,* United States v. Bowman, 5 Cir. Oct. 25, 1974, No. 74–3199. And we have applied the same principles in regard to possession of firearms[2] or other objects.[3] Certainly the mere presence of contraband in a car does not establish constructive possession by all of the car's occupants.[4] But we think that the evidence here, taken in the light most favorable to the Government, Glasser v. United States, 1942, 315 U.S. 60, 62 S. Ct. 457, 86 L.Ed. 680; United States v. Warner, 5 Cir. 1971, 441 F.2d 821, 825, cert. denied 1971, 404 U.S. 829, 92 S.Ct. 65, 30 L.Ed.2d 58, does establish constructive possession of the illegal weapon on the part of Richardson.[5]

The arresting officers testified that the sawed-off shotgun was discovered

---

1. We find Appellant Richardson's other points without merit.

2. United States v. Virciglio, 5 Cir. 1971, 441 F.2d 1295, 1298; *accord,* United States v. Craven, 6 Cir. 1973, 478 F.2d 1329, 1333, cert. denied, 414 U.S. 866, 94 S.Ct. 54, 38 L.Ed.2d 85; United States v. Black, 6 Cir. 1972, 472 F.2d 130, 131, cert. denied, 411 U.S. 969, 93 S.Ct. 2161, 36 L.Ed.2d 691; United States v. Holt, 8 Cir. 1970, 427 F.2d 1114, 1117.

3. *See e. g.,* United States v. Tyler, 5 Cir. 1973, 474 F.2d 1079, 1081; United States v. Bullock, 5 Cir. 1971, 451 F.2d 884, 891.

4. *See* United States v. Horton, 5 Cir. 1973, 488 F.2d 374, 381–382, cert. denied, 416 U.S.

993, 94 S.Ct. 2405, 40 L.Ed.2d 772; Montoya v. United States, 5 Cir. 1968, 402 F.2d 847; Guevara v. United States, 5 Cir. 1957, 242 F.2d 745; United States v. Bethea, 1971, 143 U.S.App.D.C. 68, 442 F.2d 790, 793; Bettis v. United States, 9 Cir. 1969, 408 F. 2d 563, 567. *See also* United States v. Martin, 5 Cir. 1973, 483 F.2d 974.

5. For his own part, Richardson denied knowing the contents of the bag brought into the car by Anderson; denied knowing Anderson very well; denied that the gun was under the driver's seat; and denied asking the arresting officers the consequences of one defendant's "taking the rap."

leaning against the transmission hump of Richardson's car beneath, but "not completely" under, Richardson's seat,[6] and that it lay sufficiently exposed through the hole in the paper sack around it for its barrel to rest in the plain view of a police officer standing outside the car "just to the front of the [open] front door" on the passenger side. Transcript at 88, 103. Moreover, although the bag containing the weapon was evidently brought into the car by Anderson, back seat passenger Fritz—who had appeared to hand something to Richardson after the police presence had been detected—was found to be carrying a shotgun cartridge. *Glasser* does not, of course, require or permit us to rubber-stamp every jury conviction, and does not permit the synthesis of facts from mere hypothesis. But the evidence here fully justified the jury in concluding that the gun was not foisted upon Richardson by his old acquaintances, or that he was unaware of its presence. We cannot conclude that "a reasonably minded jury" aware of these facts and apprised of Richardson's inquiry about the effect of any one of the defendants' admitting sole possession *"must* have a reasonable doubt" of Richardson's shared dominion and control over the illegal weapon. United States v. Stephenson, 5 Cir. 1973, 474 F.2d 1353.

### B

■ In identifying Anderson as a witness at Fritz' and Richardson's trial, the trial court made Anderson's guilty plea known to the jury. Richardson argues here that, having so informed the jury, the trial court committed reversible error by failing to charge the jury

that Anderson's guilty plea could not be considered as evidence of Richardson's guilt. Since Richardson failed to request such a cautionary instruction at trial, however, we review the lower court's action only for evidence of plain error. F.R.Crim.P. 30, 52(b).

Our cases reflect a deep sensitivity to the possibilities of prejudice caused by allowing a jury in a criminal case to consider evidence of a co-defendant's guilty plea.[7] Thus, we observed in United States v. Baete, 5 Cir. 1969, 414 F.2d 782, 783–784,

that there may be aggravated circumstances in which [even] the strongest corrective instruction would be insufficient, as, for example, where the guilty plea of one codefendant necessarily implicates another or others.

In United States v. Harrell, 5 Cir. 1970, 436 F.2d 606, 613–617, we found plain error, and reversed a jury conviction despite the absence of objection at trial, when the jury was needlessly exposed to evidence of a coconspirator's guilty plea, "because there [were] present the 'aggravated circumstances' alluded to in *Baete,* [and] because of the failure of the trial judge to give any sort of cautionary instruction."

■ In the case at bar, however, we are not faced with such "aggravated circumstances." Richardson did not deny the unlawful presence of the weapon in his car. Rather, he admitted the weapon's introduction into the car by Anderson—that is, Anderson's guilt—but sought to disconnect Anderson's actions and responsibility for the weapon from himself.[8] Moreover, the very able trial court adequately instructed the jury that

---

6. Richardson's car had bucket seats in front which were separated by a console.

7. *See* United States v. Womack, 5 Cir. 1972, 454 F.2d 1337, 1346; United States v. Harrell, 5 Cir. 1970, 436 F.2d 606, 613–618; United States v. Baete, 5 Cir. 1969, 414 F. 2d 782; Bearden v. United States, 5 Cir. 1963, 320 F.2d 99; Scarborough v. United States, 5 Cir. 1956, 232 F.2d 412, 414; Babb v. United States, 5 Cir. 1955, 218 F.2d 538.

8. In his closing argument, Richardson's counsel stated:

Anderson pleaded guilty to possession of the gun. He is guilty, and he told the world he is guilty.

. . . That is the whole issue. Did the government prove to you that Fritz and Richardson] had control over this gun? . . .

. . . We know Anderson had the gun, and he admitted his guilt.
Transcript at 202, 204.

it could not base a guilty verdict as to Richardson solely on Anderson's possession, but that it had to determine beyond a reasonable doubt the fact of Richardson's own intentional and knowing possession. If there was error at all in failing to caution the jury precisely as Richardson now suggests, it was not plain error. *Cf.* United States v. Davis, 5 Cir. 1973, 487 F.2d 112, cert. denied, 415 U.S. 981, 94 S.Ct. 1573, 39 L.Ed.2d 878; United States v. Franicevich, 5 Cir. 1972, 465 F.2d 467.

## C

■ Richardson's third specification of error relates to the trial court's jury instruction on reasonable doubt, which provided in part:

> Proof beyond a reasonable doubt is established if the evidence is such that you would be willing to rely and act upon it in the most important of your own personal affairs.

Richardson contends that this portion of the charge should have been in terms of "you would not hestitate" instead of "you would be willing." Since there was *no objection to the charge at trial*, Richardson must demonstrate plain error to

succeed on this appeal. F.R.Crim.P. 30, 52(b).

■ The Supreme Court has clearly stated its judgment,[9] and the Courts of Appeals which have found themselves directly confronted with these alternative phrasings of the reasonable doubt instruction have generally been consistent in emphasizing,[10] that the form of instruction contended for by Richardson here is the fairer and better of the two. Those courts have nevertheless been equally unanimous in holding that use of the "would be willing" form objected to here does not constitute plain error, a result with which we find ourselves obliged to conform at this time in light of the correctness of the remainder of the trial court's charge on reasonable doubt.[11] That conclusion should not be taken as any encouragement to the district courts to employ the "would be willing" form however. We join the plea echoed by our sister circuits that the district courts henceforth employ the "would not hesitate" language in their reasonable doubt instructions.

The judgment appealed from is

Affirmed.

9. Holland v. United States, 1954, 348 U.S. 121, 140, 75 S.Ct. 127, 138, 99 L.Ed. 150, 167.

10. *See, e. g.,* United States v. Emalfarb, 6 Cir. 1973, 484 F.2d 787, 790–791, cert. denied, 414 U.S. 1064, 94 S.Ct. 571, 38 L.Ed.2d 469 (citing cases); United States v. Cole, 8 Cir. 1972, 453 F.2d 902, 906–907, cert. denied, 406 U.S. 922, 92 S.Ct. 1788, 32 L.Ed.2d 122; United States v. Nuccio, 2 Cir. 1967, 373 F.2d 168, 174, cert. denied, 387 U.S. 906, 87 S.Ct. 1688, 18 L.Ed.2d 623; United States v. Dunmore, 8 Cir. 1971, 446 F.2d 1214, cert. denied 1972, 404 U.S. 1041, 92 S.Ct. 726, 30 L.Ed.2d 734; United States v. Acarino, 2 Cir. 1969, 408 F.2d 512, 517, cert. denied, 395 U.S. 961, 89 S.Ct. 2101, 23 L.Ed.2d 746; Scurry v. United States, 1965, 120 U.S.App.D.C. 374, 347 F.2d 468, cert.

denied 1968, 389 U.S. 883, 88 S.Ct. 139, 19 L.Ed.2d 179; *cf.* United States v. Wright, 7 Cir. 1966, 365 F.2d 135, 140, cert. denied 1967, 386 U.S. 918, 87 S.Ct. 879, 17 L.Ed.2d 789. *But cf.* United States v. Steinkoenig, 5 Cir. 1973, 487 F.2d 225, 230; James v. United States, 5 Cir. 1969, 416 F.2d 467, 475–476, cert. denied 1970, 397 U.S. 907, 90 S.Ct. 902, 25 L.Ed.2d 87.

11. *See* James v. United States, 5 Cir. 1969, 416 F.2d 467, 475–476, cert. denied 1970, 397 U.S. 907, 90 S.Ct. 902, 25 L.Ed.2d 87; *cf.* United States v. Steinkoenig, 5 Cir. 1973, 487 F.2d 225, 230. This result is not altered by the fact that the proof of possession in this case rested on circumstantial evidence. *See* Holland v. United States, 1954, 348 U.S. 121, 139–140, 75 S.Ct. 127, 137–138, 99 L.Ed.2d 150, 166–167.