UNITED STATES of America,
Plaintiff-Appellee,

v.

Franklin D. PATMAN,
Defendant-Appellant.

No. 77–5021
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Aug. 22, 1977.

William E. Shull, Kansas City, Mo. (Court-appointed), for defendant-appellant.

Michael P. Carnes, U. S. Atty., Fort Worth, Tex., Judith A. Shepherd, H. Jay Ethington, Asst. U. S. Attys., Dallas, Tex., for plaintiff-appellee.

Before GOLDBERG, CLARK and FAY, Circuit Judges.

PER CURIAM:

This is an appeal from the United States District Court for the Northern District of Texas. The defendant was convicted of bank robbery by assault in violation of 18 U.S.C. § 2113(d). On May 14, 1976, the defendant was sentenced to twenty years imprisonment. The defendant raises three

* Rule 18, 5 Cir., see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir. 1970, 431 F.2d 409, Part I.

errors on appeal. Finding these errors to be without merit, we affirm the conviction.

The defendant's first contention is that the trial court erred in allowing a confession he gave to F.B.I. agents into evidence. The defendant contends that the statement should have been suppressed because the government failed to establish an affirmative waiver of the defendant's right to remain silent and to consult with counsel. We feel that the district judge correctly found that the confession was voluntary. The testimony at trial was that the arresting F.B.I. agent identified himself to the defendant and advised him of the charged offense. The agent then recited to the defendant his constitutional rights from an F.B.I. card titled "Interrogation Advise of Rights". The defendant stated that he was willing to answer questions and that he understood his rights, but that he was not willing to sign a waiver form. The defendant then proceeded to give a detailed confession in response to questions put forth to him by the F.B.I. agent. This Court has previously stated that the mere fact that an accused fails to sign a waiver of rights form does not mean that the confession is involuntary. *United States v. McDaniel*, 463 F.2d 129 (5th Cir. 1972), *cert. denied* 413 U.S. 919, 93 S.Ct. 3046, 37 L.Ed.2d 1041.

■ Even though the defendant did not sign the waiver, it can be concluded that the district judge correctly found that the confession was voluntary since there was no contrary evidence. It was also not error for the district judge not to make specific finding as to this voluntariness since the relinquishment of the *Miranda* rights clearly appears from the record.[1]

■ The defendant's second contention is that the trial court erred in charging the jury that proof beyond a reasonable doubt

is established if the evidence is such "as you would be *willing to rely and act upon [it]* in the most important of your affairs." (R. 41). The defendant is correct when he argues that the approved language for explaining reasonable doubt is not "willingness to act." This Court has previously stated that reasonable doubt is better explained as the kind of doubt that would make a reasonable person *hesitate to act*. *United States v. Richardson*, 504 F.2d 357 (5th Cir. 1974). The defendant, however, failed to object to the charge as given, and, therefore, error must be "plain" to be reversible. In *Richardson, supra*, we specifically held that the use of "willingness to act" does not constitute plain error. The defendant attempts to overcome this rule of law by contending the court impermissibly compounded the error by substituting a standard of "fair doubt" for that of reasonable doubt. The use of fair doubt appears once in the charge (R. 41) while reasonable doubt appears sixteen times. The use of fair doubt was harmless when the charge is viewed in its entirety, and does not constitute reversible error even when coupled with the "willingness to act" charge.

■ The final alleged errors raised by the defendant concern the court's refusal to order the prosecutor to refrain from arguing to the jury that defendant's conduct established "flight" and the court's failure to instruct the jury on "flight." The record as a whole, including defendant's responsive argument and his failure to comply with the court's request to prepare a suggested charge to implement his objection, persuades us that any error in connection with this subject matter was harmless beyond a reasonable doubt.

The judgment of the district court is, therefore,

AFFIRMED.

---

1. The defendant also contends that since he was indicted at the time of his arrest it was error for the agents to have elicited statements from him. The defendant relies on *Massiah v. United States*, 377 U.S. 201, 84 S.Ct. 1199, 12 L.Ed.2d 246 (1964) and *Brewer v. Williams*, 430 U.S. 387, 97 S.Ct. 1232, 51 L.Ed.2d 424 (1977). We do not agree with the defendant and feel the cited cases are not on point since those cases involved persons who had secured counsel at the time the statements were elicited (as compared to defendant's waiver and confession which were obtained prior to the retention of counsel.)