Clarence LELAND, Petitioner-Appellant,

v.

Louie L. WAINWRIGHT, Secretary, Department of Offender Rehabilitation, Respondent-Appellee.

No. 77–3081

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

March 24, 1978.

James K. Green, Asst. Public Defender, 15th Judicial Circuit of Florida, Richard L. Jorandby, Public Defender, West Palm Beach, Fla., for petitioner-appellant.

Robert L. Shevin, Atty. Gen., Tallahassee, Fla., Glenn H. Mitchell, Asst. Atty. Gen., West Palm Beach, Fla., for respondent-appellee.

---

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

**1372**

Before RONEY, GEE and FAY, Circuit Judges.

PER CURIAM:

On a witness' tip, defendant Leland was stopped by Florida police. He was advised of his constitutional rights. Upon being questioned, he admitted taking a television set from an apartment, but denied breaking and entering. He brought the police to a U-Haul trailer where he had placed the television. Later that day he made and signed a written statement. He sought unsuccessfully to suppress his written and oral statements. They were subsequently admitted into evidence at trial. He was convicted of breaking and entering, and pursued an unsuccessful state appeal. Leland then commenced federal habeas corpus proceedings. 28 U.S.C.A. § 2254. The district court denied relief. We affirm.

The sole issue presented for review is whether, at the state suppression hearing, the state court made an initial determination of the voluntariness of the defendant's statements, as required by *Jackson v. Denno*, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964). At the suppression hearing only the arresting officer and a police detective testified. The question of voluntariness was raised in three contexts: Leland's ulcer pain, his need for medicine, and threats of prosecution for other offenses. The two witnesses denied knowledge of serious pain, brought the defendant home to get his medicine, and denied threatening him with prosecution. At the conclusion of their testimony, defendant moved to suppress and specifically raised the issue of voluntariness. The court, without explicitly finding the statements to have been voluntary, denied the motion.

A trial court need not explicitly find that a challenged statement was given voluntarily. Rather, the court's conclusion of voluntariness "must appear from the record with unmistakable clarity." *Sims v. Georgia*, 385 U.S. 538, 544, 87 S.Ct. 639, 643, 17 L.Ed.2d 593, 598 (1967). Inasmuch as voluntariness was the only issue before the trial court at the suppression hearing, the police testimony was unchallenged by contrary defense testimony, and the defendant specifically raised the voluntariness issue in his concluding remarks, immediately after which the trial court denied the motion, a determination of voluntariness appears from the record with "unmistakable clarity." *Sims, supra*; *see also United States v. Patman*, 557 F.2d 1181 (5th Cir. 1977).

AFFIRMED.