[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 05-10008

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
March 9, 2006
THOMAS  K. KAHN
CLERK

D.C. Docket No. 04-20305-CR-JEM

UNITED STATES OF AMERICA,

                                                        Plaintiff-Appellee,

                            versus

UNISES CHAPOTIN,

                                                        Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(March 9, 2006)**

Before BARKETT and WILSON, Circuit Judges, and CONWAY[*], District Judge.

_____

[*]Honorable Anne C. Conway, United States District Judge for the Middle District of
Florida, sitting by designation.

PER CURIAM:

Appellant Unises Chapotin was among a group of men who agreed to rob a drug courier of a large quantity of cocaine. The operation was planned so it would appear to the supplier of cocaine that an actual robbery, known in the illegal drug business as a "rip-off," had occurred, when in fact the drug courier was in on the robbery. Unbeknownst to Chapotin and his confederates, one of the participants was a confidential informant, the disgruntled drug courier was actually a government agent, and the drugs and the supplier were fictitious.

Chapotin became involved in the operation at the last minute because another intended participant was a no-show. On the day the robbery was to occur, Chapotin was picked up in a car driven by an uninvolved party and occupied by co-conspirators Oscar Torres and Jorge Moreno. The group then drove to a restaurant parking lot, where Torres, Moreno and Chapotin were picked up in a vehicle driven by the confidential informant, known by the first name "Ulises" (not to be confused with Chapotin's first name, "Unises"). Torres was seated in the front passenger seat, Moreno was sitting in the back seat behind the driver, and Chapotin was sitting in the back seat behind Torres. The parties drove to a warehouse area to pick up a van which was to be used to transport the drugs following the robbery. Upon arriving there, they were arrested.

Chapotin was tried alone. The government presented evidence that Chapotin was fully aware that he was to take part in a cocaine rip-off. Through a combination of testimonial and video evidence, the government established that during the car ride from the restaurant parking lot to the warehouse, Torres showed the informant a handgun and Chapotin leaned forward to look at it. The prosecution also introduced evidence that Chapotin was aware from statements made by his co-conspirators that the handgun Torres was carrying was the one Chapotin would use during the planned robbery. Torres testified that he intended to give Chapotin the handgun once the men were inside the van parked at the warehouse; however, he was arrested before he had a chance to transfer the firearm to Chapotin.

Chapotin was convicted of conspiracy to possess cocaine with intent to distribute it; conspiracy to affect interstate commerce by robbery; conspiracy to carry a firearm during and in relation to, or to possess a firearm in furtherance of, a crime of violence and/or a drug trafficking crime; attempted possession of cocaine with intent to distribute it; carrying a firearm during and in relation to, or possessing a firearm in furtherance of, a crime of violence and/or a drug trafficking crime; and possession of a firearm and/or ammunition by a convicted felon.

In this appeal, Chapotin argues that the trial judge erred when he refused to grant Chapotin's motion for judgment of acquittal based on asserted insufficiency of the evidence. He also claims error in the judge's refusal to grant his request for a special verdict form and with regard to the sentence imposed.

We have concluded that Chapotin's arguments are without merit, save one: that there was insufficient evidence to support Chapotin's conviction of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1).

"Possession, in the context of § 922(g)(1), requires that the defendant knowingly possess the firearm, . . . and may be proven either by showing that the defendant actually possessed the firearm, or by showing that he constructively possessed the firearm." *United States v. Gonzalez,* 71 F.3d 819, 834 (11th Cir. 1996) (citation omitted). "A defendant has constructive possession if he exercises ownership, dominion, or control over the firearm." *United States v. Gunn,* 369 F.3d 1229, 1235 (11th Cir.), *cert. denied*, 543 U.S. 937 (2004). "A defendant also has constructive possession if he has the power and intention to exercise dominion or control." *Id.* "The defendant may exercise that dominion and control either directly or through others." *Id.* However, "a defendant's 'mere presence in the area of [an object] or awareness of its location is not sufficient to establish possession.'" *United States v. Pedro,* 999 F.2d 497, 500-01 (11th Cir. 1993)

4

(quoting *United States v. Mieres-Borges,* 919 F.2d 652, 657 (11ᵗʰ Cir. 1990)); *see also United States v. Maspero,* 496 F.2d 1354, 1359 (5ᵗʰ Cir. 1974) (quoted in *Mieres-Borges*); *United States v. Richardson,* 504 F.2d 357, 359 (5ᵗʰ Cir. 1974) ("Certainly the mere presence of contraband in a car does not establish constructive possession by all of the car's occupants").

Based on established Eleventh Circuit precedent, Chapotin's felon-in-possession conviction must be reversed. *See Gunn,* 369 F.3d at 1236 (defendant who merely had knowledge of firearms was not in constructive possession of them); *United States v. Leonard,* 138 F.3d 906, 909-10 (11ᵗʰ Cir. 1998) (to same effect). While there is certainly evidence that Chapotin had knowledge that firearms were in the vehicle driven by the confidential informant, and an inference could properly be drawn that he had the intention to later exercise dominion or control over one of those firearms, there was no evidence that Chapotin ever had the *power* to exercise dominion or control over any weapon prior to his arrest. As evidenced by use of the conjunctive, intention and power must coexist. At all times before the arrest, Torres retained dominion, control and power over the firearm he planned to give Chapotin. There is no indication from the record that Chapotin had any power to dispossess Torres of the gun prior to the time Torres decided to transfer the weapon to Chapotin. Moreover, Chapotin was a mere

5

passenger in the vehicle, so the cases holding drivers and owners liable for vehicle contents on a constructive possession theory do not apply. Additionally, Chapotin was not a leader of the planned drug rip-off, so he cannot be held criminally liable on that basis for his confederates' firearm possession. Under these circumstances, there was insufficient evidence to support Chapotin's felon-in-possession conviction. Accordingly, the trial judge should have granted Chapotin's motion for judgment of acquittal as to that particular charge.

Chapotin's felon-in-possession conviction is REVERSED. From a review of the pre-sentence investigation report, reversal of this conviction has no effect on Chapotin's sentence. Chapotin's other convictions are AFFIRMED.